CROFT, executor, *et al.* *vs.* THE LUMPKIN CHESTATEE MINING COMPANY.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

Though a corporation has ceased to do business for a long period, say ten years, and though it has no officer or agent within the state, and though all the stockholders except the complainants are non-residents, equity cannot divest it of title to its franchises and real estate by decreeing a sale thereof for division among the stockholders—certainly not, unless all the absent stockholders are made parties, and served by publication or in some other mode.

Equity. Corporations. Stockholders. Before Judge LESTER. Lumpkin Superior Court. April Term, 1878.

On September 9th, 1876, Croft, as executor of Cameron, and another, Stephenson, filed their bill against the Lumpkin Chestatee Mining Company, making, in brief, this case:

The defendant was incorporated by the General Assembly in the year 1866, with a capital stock of $1000,000.00, of which complainants own 5,225 shares, of the par value of $104,500.00. It acquired lands of large value for mining purposes, and worked thereon during the years 1867 and 1868, taking therefrom gold and other minerals to the amount of $20,000.00 or more. All the officers and stockholders of defendant are non-residents. Defendant has not prosecuted the work contemplated by its charter since the year 1868. The lands owned by it are also valuable for farming purposes and could be sold for a large sum, but owing to the non-residence of the officers and stockholders no concert of action can he had in effecting a sale.

Prayer that a receiver be appointed, that the lands, franchise, etc., be sold for division among the stockholders, etc.

The bill contained another element, involving an accounting with complainants for the proceeds of certain stock surrendered by them, in common with the other stockholders, for the purpose of raising a mining capital, and for the proceeds of the gold and other minerals taken in 1867 and 1868, not material here.

The defendant was served by publication. It appeared by counsel and demurred. The demurrer was sustained as to all the bill except the portion asking for an accounting

To this judgment the complainants excepted.

WIER BOYD, for plaintiffs in error, cited Code, §§3085, 3183, 1688; 7 *Ga.*, 238; 8 *Ib.*, 527; 1 Story's Eq. Ju., §646. Angell & Ames on Corp., §312; acts of 1866, p. 106; acts of 1876, p. 238.

W. P. PRICE, for defendant, cited 6 *Ga.*, 130; 14 *Ib.*,

327; 9 Gill & J., 365; Abbott's Dig. of Cor., 341, 301, 466, 469, 736, 776; 4 How. Pr. R., 166; 12 Barb., 27; 18 Cal., 111; 5 Price, 217; 2 Stockton, 480; 14 Howard, 589.

BLECKLY, Justice.

For the chartered rights of this corporation, see acts of 1866, pp., 100, 106; acts of 1876, p. 238. The charter has many years to run; no forfeiture has been adjudged; no surrender has been made. The court is not called upon to presume a surrender from non-user and lapse of time, for the bill treats the corporation as a living, subsisting entity. The complaint is that it is indolent, inert, lazy—that it won't work. It has valuable property that might be made profitable to the stockholders, but the stockholders are scattered, and cannot be brought together so as to secure co-operation and concert. The officers are non-residents of the state; so too are the stockholders, the complainants excepted. A corporation thus situated is undoubtedly a sluggish body, and how to move it may not be easy to find out. The object of the bill is not to move it but to strip it. But while it is alive, can this be done? If it were dead, it would be an easy prey; but as long as it lives its property and franchises are its own, and how is a court of equity to terminate its right to them by a decree? In the absence of statutory provisions applicable to this case, has chancery this power? See 1 Edwards Ch. R., 84. It is a mistake to rest such a bill as the present on the law of partition. Real estate is partitioned among the owners, so as to give each his part in severalty; but here the corporation is sole owner; the stockholders do not own the property or any part of it; what they own is the stock. It may be that analogies drawn from partition, or from some other head of the law, may be found to guide a court of equity in dividing out the assets of a living corporation, but if so, all the stockkholders should be parties to the bill. Those of them who are non-residents could probably be served by publica-

tion if other service were impracticable. All we rule at present, is, that on the bill as presented to the court below, that court did not err in dismissing so much of it as was not pertinent to the account.

Judgment affirmed.