JONES, ADM'R, v. THE PEARL MINING COMPANY ET AL.

1. CORPORATIONS—STOCKHOLDERS' RIGHT TO SUE.

Stockholders may maintain a suit in equity against the corporation and its board of directors whenever it appears that otherwise there will be a failure of justice.

2. SAME.

When it is apparent that a demand upon the managing body of the corporation would be unavailing, an action by stockholders may be maintained without alleging or proving any notice, request, demand or express refusal.

3. STOCKHOLDERS' MEETINGS WITHOUT THE STATE.

The articles of incorporation of the defendant company provided that its principal office should be in Aspen, Colorado, and that its principal business should be carried on in the counties of Pitkin and Gunnison; *held*, that stockholders' meetings beyond the limits of the state were unauthorized and the proceedings thereat were voidable, if not absolutely void.

4. PRACTICE—FICTITIOUS NAMES OF DEFENDANTS.

When the real names of some of the defendants are unknown to the plaintiff, and the fact is alleged in the complaint, he may designate them by fictitious names, and substitute their true names when ascertained.

5. PRACTICE—GROUNDS OF DEMURRER.

That certain allegations in a pleading are made upon information and belief is not a ground of demurrer. The objection can be raised by motion only.

6. PLEADING UPON INFORMATION AND BELIEF.

Facts not presumptively within the knowledge of the pleader may be alleged upon information and belief.

*Error to the District Court of Arapahoe County.*

VOL. XX—27

THIS is an action brought by the plaintiff, who sues for himself and on behalf of all other stockholders similarly situated who may wish to join. The defendants are The Pearl Mining Company, and seven others, who are alleged to be stockholders and directors of the company. The action was originally commenced by Sarah F. Cooper, administratrix of the estate of Isaac Cooper, deceased. Afterwards, the present plaintiff, James A. Jones, was appointed administrator in lieu of Sarah F. Cooper, and duly substituted for the administratrix as plaintiff. The action was determined in the court below upon demurrer to the amended complaint.

In this complaint it is alleged that plaintiff does not know the true names of John Doe, Richard Roe, James Smith, William Brown and Thomas Jones, defendants, and for this reason designates them by the names stated, promising to insert their true names in all proceedings as soon as ascertained.

That "she is, and since December, 1887, has been, the duly appointed and acting administratrix of the estate of Isaac Cooper, deceased, and as such a stockholder in the said defendant company; the accurate amount of said stock she is unable to state, but upon information and belief alleges it to be about seventy-five thousand shares."

That The Pearl Mining Company was duly organized under the laws of the state of Colorado, in the month of February, 1882; that the principal object of the company was to purchase from Isaac Cooper, since deceased, certain mining property, and operate and develop the same and to do a general mining business, the stock of the company being fixed at five million dollars, divided into five hundred thousand shares.

It is further alleged that the articles of incorporation provide that the company's principal office should be in Aspen, Colorado, and the principal business be carried on in Pitkin and Gunnison counties; that the directors were duly authorized to make by-laws not inconsistent with the laws of the state.

After the organization of said company, it is alleged that it acquired title to a large number of mining claims, princi-

pally secured from Isaac Cooper, one of the incorporators; that said Cooper took stock in the company for such interests; that the entire capital stock of the company was issued.

That the mines belonging to the company are located in a rich silver mining district, and that they present unusual inducements for exploration, development, etc., and are of great prospective value, and if the same had been properly managed and developed would long since have been rendered productive and profitable to the stockholders.

It is further alleged that the company, in violation of its plain duty, has since the death of Isaac Cooper, which occurred about the first of December, 1887, failed to work or develop any of said mines. That it has misused its corporate powers by holding a pretended meeting of the stockholders in 1890, without the state, and without notice to plaintiff, and then and there illegally electing a board of directors; that many such illegal meetings of the stockholders have been called, and held without the state.

It is also averred that the directors' meetings have been held contrary to law, at which meetings business was sought to be transacted in contravention of plaintiff's and other stockholders' rights, and prejudicial to the welfare of the company; that said company has held no legal stockholders' meetings, or legal directors' meetings, and has filed no certificate of the amount of the capital stock, and has failed to keep books of account at its principal office, and that it has failed to make any by-laws or annual reports.

That the company has kept no principal office in the town of Aspen, or any other place in this state; that it has kept no stockholders' book in the state of Colorado, but that whatever books it has, have been kept outside of this state and beyond the reach of plaintiff and other stockholders.

That said stockholders' and directors' meetings were not held in pursuance of the by-laws of said company; that the by-laws were never legally adopted, and such as were adopted provided for the calling of an annual meeting of the stockholders at its office in Philadelphia, on the fourth Tuesday

of January in each year, on two days' notice in the news-papers of Philadelphia and Aspen.

That the defendants herein own and control a majority of the stock, and while in control as directors of the company, have conspired to prevent the development of said mining property and to prevent plaintiff from receiving dividends upon his stock; that said defendants keep control of said company and refuse to act in good faith as directors in the management, but have combined together for the purpose of defrauding plaintiff out of his profits, and have depreciated the stock for the purpose of purchasing the same at a low figure.

It is further alleged that one hundred thousand shares of the stock of the company were set aside as working capital, or treasury stock of the company, to raise funds to develop the property; that defendants, in violation of their duty to utilize said treasury stock in the interests of the company, have appropriated the same to their own use and refused to account to the company, or to plaintiff, or to any stockholder, for the same.

That, pursuing said conspiracy, the defendants threaten to dispose of said mining property to other persons for the use of defendants, rendering plaintiff's stock of no value, and working great and irreparable injury to him.

Plaintiff asks judgment: 1st. For a decree setting aside the charter and corporate powers of the defendant company, dissolving the incorporation and closing up its business. 2d. For an injunction, pending litigation, restraining defendants from perpetrating further wrongful acts in the management of the affairs of the corporation, and restraining defendants from disposing of any of the corporate property or assets, and that upon final hearing the said injunction may be made perpetual, for the appointment of a receiver, and for general relief.

To this complaint the following demurrer was filed by The Pearl Mining Company and W. Henry Sutton:

1st. That said amended complaint does not set forth facts

sufficient to constitute a cause of action. 2d. That the material allegations of the complaint are on information and belief, and do not entitle the plaintiff to any relief in equity. 3d. That the complaint does not allege or say that the plaintiff has not a remedy at law.

The district.court sustained the demurrer to the complaint, and plaintiff, electing to stand by his pleading, brings the case here upon error.

Messrs. BENNET & BENNET, for plaintiff in error.

Mr. R. D. THOMPSON, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The right of stockholders under certain conditions to maintain a suit in equity against the company and its board of directors is now universally recognized. The conditions have been stated in various forms by the courts, but we think they are all comprehended in the simple statement that such a suit may be maintained whenever it appears that otherwise there will be a failure of justice. *Hawes v. Oakland*, 104 U. S. 450; *Miller et al. v. Murray*, 17 Colo. 408; Pomeroy's Equity Jurisprudence, vol. 3, secs. 1094, 1095.

Tested by this rule, the allegations of the complaint are sufficient. Facts are alleged, which, if true, brand the defendants as unworthy of the trust and confidence imposed upon them by their trust relationship to the corporate property; and, for the purposes of this demurrer, these allegations are admitted.

By the record it appears that the guilty directors own a majority of the capital stock of the company, and therefore have the corporate management and the corporation itself completely within their power, and that they have conspired together for the purpose of using their trusteeship, not for the benefit of the *cestui que trust*, but for their own individual profit, to the manifest injury of plaintiff and those similarly

situated. It is apparent from the pleading that a demand upon either the managing body of the corporation, or the stockholders themselves, would be unavailing. Under such circumstances, an action may be maintained by stockholders " without alleging or proving any notice, request, demand, or express refusal." Pomeroy's Eq. Jur., sec. 1095; *Miller et al. v. Murray, supra.*

The directors are shown to have been guilty of negligence in the management of the corporate business, of frauds upon the company, and of acts *ultra vires*. Without any statutory authority therefor, and in direct violation of the law, they have attempted to change the *situs* of the corporation from the state of Colorado to the state of Pennsylvania. Meetings of the stockholders have been called and held in the city of Philadelphia, in the state of Pennsylvania. The holding of such meetings beyond the limits of the state of Colorado was unauthorized, and the proceedings thereat were voidable, if not absolutely void. Spelling on Private Corporations, sec. 383; *Miller et al. v. Ewer*, 27 Me. 509; *Smith v. Silver Valley Min. Co. et al.*, 64 Md. 85; *Reichwald v. Commercial Hotel Co. et al.*, 106 Ill. 439; *Camp v. Byrne et al.*, 41 Mo. 525.

The statute provides (Mills' An. Stats., sec. 481) that notice of the annual meeting of stockholders for the election of directors shall be published not less than ten days previous thereto, " in the newspaper printed nearest to the place where the operations of said company shall be carried on." This plain provision of law has been violated, and directors have been elected, including the present defendants, without notice, and at a place at which a stockholders' meeting cannot be legally held. A stockholder, although in the minority, at least has the right to the statutory notice, and to insist that meetings shall be held within the state, in order that he may attend and present his views in regard to the corporate management, although such views may not be shared by a majority of the stockholders. Perchance, by protest

and argument, he may persuade the majority to change their course of conduct.

Among other violations of the laws of this state charged against this company is that it has failed to keep its principal, or any office, at the town of Aspen, or elsewhere in this state, as provided in its articles of incorporation ; that it has kept no stockholders' or other books in the state of Colorado.

It is further shown that the directors have appropriated to their own use one hundred thousand shares of stock of the company, these being the property of the corporation set aside as its working capital, to raise funds to develop its mines, and that the directors absolutely refuse to account for this stock, or the proceeds thereof.

Other acts of negligence and fraud in the corporate management are alleged against the defendants, but the foregoing are sufficient to show a right of action in the plaintiff, suing, as he does, for himself and on behalf of all other stockholders similarly situated.

Several specific objections urged in argument to the sufficiency of the pleading will, however, be noticed.

Plaintiff has designated five of the seven defendants in his complaint by fictitious names, alleging as a reason for so doing that the real names of the parties are unknown to plaintiff. Plaintiff further alleges that the true names of said parties could not be obtained at the time, for the reason that all books and papers of said company were in Philadelphia, Pennsylvania, and not accessible to plaintiff, and offers to substitute the true names of the directors so designated as soon as he obtains the necessary information to enable him to do so. This manner of designating defendants whose true names are not known to the plaintiff is expressly authorized by sec. 76 of the Civil Code of 1887.

Certain allegations of the complaint are made upon information and belief, and defendants claim that, for this reason, the demurrer was properly sustained. This objection is not a ground of demurrer. It can be raised by motion only. Pomeroy's Rem. & Rem. Rights, sec. 548. Moreover, as the

facts alleged upon information and belief are not presump-
tively within the knowledge of the plaintiff, he is at liberty
to plead them in the form adopted.    *Carpenter et al. v. Smith
et al., ante,* p. 39; *Thackara et al. v. Reid et al.,* 1 Utah, 238.

It is claimed that the capacity in which the plaintiff sues
is not sufficiently alleged in the complaint.    We do not
think this objection is well taken, it being averred that Sarah
F. Cooper was the duly appointed and acting administratrix,
and it appearing from the record that James A. Jones was
afterwards duly substituted by an order of court for said
Sarah F. Cooper.    In the absence of a showing to the con-
trary, we must assume that this order of substitution was
properly made.

Another objection is that it is nowhere positively alleged
that any of the stock belonged to the estate of Isaac Cooper.
This claim is not borne out by the record, it being expressly
alleged that plaintiff is a stockholder in the company.

The prayer is for an injunction and appointment of a
receiver, and for general relief.    Under this prayer the court
may award the plaintiff any relief to which the facts may
show that he is entitled, and it is unnecessary to consider at
this time the particular relief that should be granted in case
plaintiff succeeds in finally maintaining the action.

The judgment of the district court is reversed and the
cause remanded.

*Reversed.*