## Midland Company and William R. Trasher v. Carl Anderson.

63    51
113   427

1. RECEIVERS—*When Proper to Appoint.*—Where a corporation has been ousted of its franchises in a quo warranto proceeding and its directors have abandoned it, its assets and stockholders, to whatever fate awaits them, a receiver is properly appointed upon the application of a single stockholder to preserve and distribute its assets among the creditors and stockholders of the company.

**Bill for the Appointment of a Receiver.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

### STATEMENT OF THE CASE.

This is a bill filed by a single stockholder of a corporation after ouster of its franchises in a quo warranto proceeding, and within the two years allowed by statute for the winding up of its business, filed in behalf of himself and all other shareholders, who chose to come in as complainants; making the corporation, its directors, its secretary and general manager, and all the other shareholders, who do not wish to join as complainants, parties defendant, praying for the appointment of a receiver, an injunction against its corporate officers to restrain them from collecting its assets and asking for an accounting. The original bill was filed only against the Midland Company. Upon demurrer being sustained to it, complainant, by leave of court, amended, making Wm. R. Trasher, party defendant also. Demurrer being again sustained to the bill as amended, complainant filed, by leave of court, a "supplemental amended bill," making all the directors of the company also parties defendant.

Under this supplemental amended bill service was had only on the Midland Company and on Wm. R. Trasher, appellants, who each filed a general and special demurrer to the amended supplemental bill, which demurrer was overruled, and upon the supplemental amended bill and the affi-

davit of Wm. R. Trasher, the court appointed a receiver, from which order appointing such receiver, the said Midland Company and Wm. R. Trasher prayed a joint and several appeal to this court.

The bill sets forth " that on or about the 10th day of November, 1894, an order of ouster was entered in said cause against said company, perpetually enjoining it, and that by said order it was perpetually enjoined from ever doing any of the business or functions of said corporation.

" That at the time of the entry of said judgment there was in possession of said corporation quite a large amount of notes which it had guaranteed, and which it had been compelled to take up by reason of such guaranty, judgments and claims against divers and sundry persons, the amount of which complainant is unable to state, and " a large claim against Daniel H. Tolman for misappropriation of the funds of said company.

" The bill charges that the books and accounts and assets of the corporation, as complainant is informed and believes, are now in the possession and under the control of one William R. Trasher, who has for a long time been acting secretary.

" That there has been no distribution of the assets of said company among the stockholders, and your orator is informed and believes, and so states the fact to be, that there has been no meeting of the board of directors of such company for the last two years; that there are no directors now acting for said company; that the last president of the company has removed from the State of Illinois, and that there are no officers now acting except William R. Trasher, the last secretary of said company; that the books of accounts, notes, property and effects of said company have for the last two years, and ever since the ouster of said company from its franchises, been in the possession of said William R. Trasher, as secretary of the said company; that said Trasher has been collecting outstanding assets and demands due to said company, and has been converting and appropriating said assets to his own use, and to the use of others not stock-

holders nor creditors, or entitled to any part of said assets; that one claim for about the sum of $700, he has assigned to Daniel H. Tolman, without any consideration therefor; that the said company has large demands against the said Daniel H. Tolman for moneys misappropriated and misapplied by him while treasurer of the said Midland Company, and no effort has been made to collect the same or any suit started therefor; that the stockholders of said company will lose their entire interest in the said assets, unless action is taken to preserve the same."

Moses, Pam & Kennedy, attorneys for appellant William R. Trasher.

John G. Henderson, attorney for appellant the Midland Company.

Bulkley, Gray & More, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The bill in this case, among other things, charges that Wm. R. Trasher, in whose possession the assets of the Midland Company for two years have been, has been converting and appropriating such assets to his own use and to the use of others not entitled to any part of the same; and that the stockholders of said company will lose their entire interest in said assets unless action is taken to preserve the property.

The said Trasher and the company, instead of answering, demurred to the bill. For the purposes of the bill its allegations, well pleaded, are admitted.

Under the allegations of the bill it would seem that the directors of the company have abandoned it, its assets and stockholders, to whatever fate awaits them under the administration of the secretary, who, it is by demurrer admitted, has been guilty of a gross breach of trust.

The administration of the assets should be by some one

who will endeavor to preserve and distribute them ratably and justly to the creditors and stockholders of the company.

The order of the Circuit Court appointing a receiver is affirmed.