Bissell, J.,
delivered the opinion of the court.
This suit concerns the right of a stockholder of a corporation to bring an action for the enforcement of corporate rights where there is a distinct failure of the corporate authorities to act in the premises, and where they are directly proceeding to misappropriate and divert the funds of the company to the prejudice of its stockholders. The Colorado Mining Exchange Building Company acquired title on the 18th of August, 1892, to the property which had theretofore belonged to The Colorado Mining Stock Exchange. It consisted of certain lots in the city of Denver, on which the Exchange had erected a building. The property was conveyed to the *355 new company subject to certain specified incumbrances, which need not be otherwise referred to. After the new company had acquired title and gone into possession, the property was let to various persons, and on the 10th of July, 1894, there was due the new company for rents, etc., upwards of |10,000. On the day mentioned, the directors of the defendants in error undertook to transfer to Martin Currigan, as assignee, title to the various personal property belonging to the company, and these accounts and claims for rent, with directions to apply the proceeds to the payment of sundry claims owed by The Colorado Mining Stock Exchange, which accrued during the time that company owned the building. There are many allegations respecting the situation of these debts which were to be paid by the assignee, principally regarding the circumstance that the old claims against The Colorado Mining Stock Exchange had ceased to be debts of that company, and had become the debts of individuals whose notes the creditors held. These transactions will be disregarded, as they are wholly unimportant. After setting up all these various facts, and alleging that the bank was the owner of 4,152 shares of the 5,000 shares of the stock of the company, and stating that no other shares were owned by anybody, except by five gentlemen, who owned one share each, for the purposes of a directory, the bill states that the directors confederated to use the funds of the company for the illegal purposes set up, divert them from their legitimate channels, and devote them to the payment of claims which were not legitimate obligations of the Building Company. No more need be said in this behalf, because the defendant company defaulted, and the allegations of the bill are to be taken as true in these particulars. The only issue in the case was raised by Currigan, the assignee, who did not controvert the plaintiff’s allegations respecting the conduct and intended purposes of the company and its directory, but averred that these claims which he was about to pa}1- with the funds of the company, while on their face debts of the Stock Exchange, were in reality debts of the new company. *356 which it had accepted and agreed to pay. This was denied, and the case went to trial upon this as the sole issue. The injunction was dissolved and the assignee left to act under the assignment and pay these outstanding obligations.
The case therefore presents the single question whether the stockholders of the company may unite in a bill to restrain the corporation from misappropriating the company’s funds. The fact that the suit is brought by one is immaterial, because that one represents the entire company and all the stock of the corporation. The right to bring a bill in a case like this has been pretty thoroughly settled in this state, and we only need refer to the authorities on the subject. The modern rule is recognized and adjudged applicable in all cases where the corporate authorities refuse to act, and where otherwise there would be a manifest miscarriage of justice. Miller et al. v. Murray, 17 Colo. 408; Jones, Admr., v. Pearl Mining Co., 20 Colo. 417.
The only position assumed by the defendants in error is that the issue tendered by the assignee respecting the obligation of the new company to pay the debts of the old concern stands undenied. The right of a stockholder to maintain the suit is not contested, but the argument concedes this right and attempts to sustain the judgment on the theory that the stockholders admitted the company owed the debts and was bound to pay. We cannot so read the pleadings. On an inspection of the record we find issue was directly taken on these allegations respecting the indebtedness of the company. The complaining stockholders insisted the company did not owe the debts; that the transfer was illegitimate and without consideration, and that thereby the assignee acquired no title to the assets, and had no right to apply them to the liquidation of the alleged claims. The evidence sustains them. Manifestly, if this proposition is true, the stockholders can maintain the bill, and are entitled to restrain the assignee from misappropriating the assets of the company.
The judgment of the court below does not accord with these views, and it must accordingly be reversed.

Reversed.