## Chandler Mortgage Company v. Eugenia J. Loring.

### Gen. No. 11,645.

1.  BANKING CORPORATION—*right of stockholder of, to relief against.* Notwithstanding it may be true the right to dissolve such a corporation is reposed solely in the state, yet a court of equity may, at the instance of a stockholder of such a corporation, entertain a proceeding against it and its officers and compel it to account for a fraudulent conversion of its funds, and such court may, if necessary for the preservation of the *res,* appoint a receiver.

2. EQUITY JURISDICTION—*how, determined.* The jurisdiction of a court of equity to entertain a particular proceeding is not to be determined from the prayer but from the allegations of the bill.

3. GENERAL INCORPORATION ACT—*section 25 construed.* Inferentially, it appears to be held in this case that the section in question, which concerns, among other things, the dissolution of corporations, is not limited to corporations organized under such General Incorporation Act.

4. RECEIVER—*when, properly appointed for banking corporation.* A bill filed by a stockholder on behalf of herself and others who may choose to join, against a banking corporation, which charges that the assets thereof have been wrongfully converted, can be traced by a receiver, if appointed, and will be dissipated if a receiver is not appointed, and which, likewise, charges, among other things, that the principal of the offending officers of such corporation has been discharged in bankruptcy, that the complainant stockholder has been paid nothing on account of her investment and that no account has been made with her or her fellow-stockholders, makes a proper case for the appointment of a receiver for such corporation.

Proceeding by stockholder against banking corporation for discovery, receiver and other relief. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 31, 1904.

**Statement by the Court.** Appellee, a stockholder of appellant, for herself and on behalf of all other stockholders who may choose to join her, filed a bill against appellant Frank R. Chandler and many others, officers, directors and shareholders of and in the company, alleging (among other things) her ownership since May, 1898, of fifty shares of the capital stock of said company; that appellant was created a corporation under " An Act concerning corporations with banking powers " in April, 1897; that the corporators or some of them borrowed $201,000 from the Merchants Loan & Trust Company, and showed that money to the Auditor of Public Accounts as the money of appellant, and as soon as it had answered its purpose, returned said money to the lender; that to further deceive said auditor said Chandler and others named made affidavit that each of them was a director in appellant company, that its stock had been paid in full, and that it had in cash on hand $201,000; that the large majority of such stock was not paid for; that she is

Chandler Mortgage Co. v. Loring.

entitled to a discovery as to the amounts paid by each holder of stock upon his or her stock, and an accounting as to all moneys and valuable things received by the individual defendants from the appellant company, in order that the same may be equitably distributed among the stockholders; that the sworn statement of the company filed with said auditor December 1, 1899, showed its assets to be $205,000, and its liabilities, aside from its stock liability, to be only $4,000; that said Frank R. Chandler, as president of said company, and other defendants named, in order to cheat and defraud appellee and other *bona fide* stockholders and to put the assets of the company beyond her reach and the reach of other *bona fide* stockholders, and to protect themselves from liability upon their unpaid stock, in November, 1899, went through the form of surrendering the charter of said company, but that no attempt was made to comply with section 15 of the Banking Act, which provides the terms of dissolution; that appellee had no notice or knowledge of such alleged meeting; and that such pretended acts are null and void and a fraud upon her and other *bona fide* stockholders; that in order to keep appellee and other *bona fide* stockholders in ignorance of these acts and doings, regular dividends were paid to them down to and including February, 1901; that in pursuance of such fraudulent design certain of the directors, who are named, resigned, and the son of said Chandler and two of his clerks, all of whom were under the control of said Frank R. Chandler, were substituted as directors of said company; that thereafter; and in December, 1899, at a meeting of said last mentioned board, at which said Frank R. Chandler presided, and in which he voted as a director, a fraudulent sale was pretended to be made by said company of all its assets and property to said Chandler, and he and others named, thereupon took possession of such assets and property and converted the same to their own use; that said company has never been legally dissolved; that after such pretended sale said business was carried on in the name of said Frank R. Chandler for a time, and then continued in the name of

Knott, Chandler & Co.; that said assets and property are yet in existence and can be traced by a receiver of this court, but unless a receiver be appointed said Chandler and other defendants named will make way with them and put them beyond the reach of the court; that all these things were done without her knowledge or consent; that the capital stock of said company was divided into 2010 shares of the par value of $100 each, ten shares of which, known as " Founders' Shares," had the right to cast 200 votes per share, while the other 2,000 shares had the right to cast but one vote each, and that all of these " Founders' Shares " were owned and voted by said Frank R. Chandler.

The prayer of the bill (among other things) is that the assets and property of the company may be determined, and who holds the same may be ascertained, and the holders be declared liable therefor, and the sale or transfer to each of them may be held for naught; that a receiver may be appointed to sue for and collect such assets and property; that discovery may be made of the same, and a proper division thereof may be had among the *bona fide* stockholders; that each of the defendants may be compelled to state what assets and property he received from the company and how it came into his possession; that the books and papers of the company and of its successors may be examined; and that appellee may have such other and further relief, etc.

The bill was verified. The appellant demurred. Appellee moved for the appointment of a receiver, which motion was based upon the face of the bill. Upon hearing and argument the motion was granted, and Edwin J. Zimmer was appointed and duly qualified as receiver under a bond in the sum of $10,000. This appeal was then perfected.

HARRIS S. KEELER, for appellant.

HENRY W. LEMAN and FRANK H. CULVER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Reducing the argument of appellant to its plainest terms, it is this: that an innocent *bona fide* stockholder, bringing

a bill in his own behalf and in behalf of others like situated, in which he shows that the officers and directors of his corporation have fraudulently and illegally taken possession of and have converted to their own use all the assets and property of the corporation, is without remedy.

It is said that the appellant was organized under the Banking Act; that a court of equity has no power to wind up a corporation except under section 25 of the Incorporation Act, and that said section applies to such corporations only as are created pursuant to that act; and that therefore a court of equity has no jurisdiction of this case.

For the purposes of this appeal we must consider the allegations of the bill, so far as they are properly pleaded, to be true.  It sets up a good cause of action.  It shows that the defendants, who were trustees of the assets and property of the corporation, under the pretense of a sale to themselves, have fraudulently taken the assets and property of the corporation and have converted them to their own use.  That a trustee cannot sell the trust estate or any part of it to himself, is a doctrine not only consonant with natural equity, but it is so declared by the English judges, by the Supreme Court of the United States, and by every other appellate tribunal in the Union.  Some of the Illinois cases upon this point are Chicago Cab Co. v. Yerkes, 141 Ill. 320; Higgins v. Lansingh, 154 Ill. 301; Green v. Hedenberg, 195 Ill. 147; Hannah v. The People, 198 Ill. 77. When the fact that the trustee has thus violated his trust and is enjoying the fruits of his treachery is either clearly shown or is admitted, we cannot believe that the arm of a court of equity is too short to reach him and too weak after it has reached him to force him to give up his wrongful holdings. While the right to wind up the corporation and to decree its dissolution may exist in the state only, surely a court of equity can compel a fraudulent trustee to account, and if, in so doing, it is necessary to the preservation of the property for the benefit of the parties lawfully entitled thereto, may appoint a receiver.   Midland v. Anderson, 63 Ill. App. 51; St. Louis v. Edwards, 103 Ill. 472; Bixler v. Summer-

field, 195 Ill. 147. It is not essential to the jurisdiction of the court in this case that it have the power to dissolve the corporation. It may stop short of that and still give adequate relief as against the wrongful acts of the defendants below. The jurisdiction of the court is not to be determined by the requests contained in the prayer of the bill, but is to be ascertained by a perusal of the facts set forth in the charging part thereof, when the bill contains a prayer for general relief. " It seems to be well settled that if the agents of the corporation, in whom the authority to control its affairs is vested, are themselves guilty of wrong against the corporation, either by personal conversion of its funds, or being interested in another corporation or business, or fraudulently manage the affairs of the corporation to its detriment and for the benefit of such other corporation or concern, a court of equity will, upon a proper bill filed, interfere, at the suit of a stockholder, to protect his interest in the corporation, without requiring him to first request or demand that the guilty agents proceed, virtually, against themselves," citing cases. Wheeler v. Pullman I. & S. Co., 143 Ill. 207.

In Bixler v. Summerfield, *supra*, the bill was filed by a minority stockholder, alleging that the defendants were managing the business to their own advantage, and that some of the acts of the corporation were *ultra vires*. The debts of the company were nominal and were not made the basis of the bill nor of the relief therein prayed. It is there said that under section 25, " courts of equity are given full power to dissolve a corporation for good cause shown," and the bill was held to be maintainable. But it is said that this section is limited to corporations created under the general incorporation law, and cannot be applied to a corporation formed under and by virtue of the Banking Act. We find no such limitation in the words of the act, nor do any of the authorities cited by appellant so hold. For example, in Coquard v. Nat. Linseed Oil Co., 171 Ill. 480, the court finds that the only part of the bill which justified the winding up of the corporation is that it was

a trust. As to this allegation it is said: " Only the State can complain of injury to the public, or that public rights have been interfered with, and enforce a forfeiture of defendant's franchise for that reason.   *   *   *   The whole power of a court of equity in such cases (to decree a dissolution or to appoint a receiver) is derived from section 25, chapter 32 of the Revised Statutes.   Complainant did not bring himself within any provision of that section, and is not entitled to the appointment of a receiver or dissolution of the corporation." It will be seen that there is here no statement that the power conferred upon the court of chancery over corporations does not extend to such as are created under the Banking Act.   That question was not before the court.   The other cases cited by appellant are of the same class.

The allegations of the bill are amply sufficient to justify the appointment of a receiver. It is therein charged that the assets and property of the corporation so wrongfully converted by the defendants below " can be traced " by a receiver, but that if none be appointed such defendants will make way with them and put them beyond the reach of the court; that the corporation ceased to do business in December, 1899; that said Frank R. Chandler has been discharged in bankruptcy; that nothing has been paid appellee, and that no accounting has been had.

For the reasons stated the order of the trial court appointing the receiver is affirmed.

