TAMPA WATER WORKS COMPANY, a Corporation, *Appellant,* v. WALTER WOOD, *Appellee.*

Division A.

Opinion filed April 6, 1929.

494

*Knight, Thompson & Turner,* for Appellant;

*Finley & Kirsch* and *Mabry, Reaves & Carlton,* for Appellee.

Ellis, J.—This is an appeal from an interlocutory decree overruling a demurrer to a bill in chancery by Walter Wood individually and as surviving partner of R. D. Wood and Company exhibited against the Tampa Water Works Company, a Florida Corporation, for an injunction to restrain the Corporation from disposing of its assets, for a liquidation of its business and distribution of its assets and the appointment of a receiver to take charge of its affairs and to collect its assets.

The theory of the bill is that the stockholders of a corporation whose affairs are being mismanaged, its assets wasted through the fraud and incompetence of its managing officers or where the corporation has abandoned the purposes for which it was organized or where the officers

of the corporation wrongfully deal with its property to the injury of the stockholders, may obtain relief in chancery such as is sought by this bill. See Noble v. Gadsden Land and Imp. Co., 133 Ala. 250, 31 So. R. 856, 91 A. S. R. 27; Exchange Bank of Wewoka v. Bailey, 29 Oklahoma 246, 116 Pac. R. 812, 39 L. R. A. (N. S.) 1032 note.

There is no statute in this State vesting in a court of equity the jurisdiction at the instance of a stockholder of a corporation to wind up its affairs or to have a receiver appointed with that end in view.

The general rule which is supported by perhaps the greater number of jurisdictions in America is that corporations being creatures of the State their lives depend upon the action of the State or the stockholders as a whole and where the charter of a corporation has not expired and it is a going concern it cannot in the absence of statute be dissolved at the instance of a stockholder by an action in equity for that purpose. See Taylor v. Decatur Mineral & Land Co., 112 Fed. R. 449, 52 C. C. A. 686; Pearce v. Sutherland, 90 C. C. A. 519, 164 Fed. R. 609; Croft v. Lumpkin Chestatee Mining Co., 61 Ga. 465; Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197, 17 L. R. A. 818, 32 N. E. R. 420; Supreme Sitting O. I. H. v. Baker, 134 Ind. 293, 33 N. E. R. 1128, 20 L. R. A. 210; Wallace v. Pierce Wallace Pub. Co., 101 Iowa 313, 70 N. W. R. 216, 38 L. R. A. 122, 63 Am. St. R. 389; Mason v. Sup. Ct. E. L., 77 Md. 483, 27 Atl. R. 171, 39 Am. St. R. 433; Benedict v. Columbus Const. Co., 49 N. J. Eq. 23, 23 Atl. R. 485; Gilman v. Green Point Sugar Co., 61 Barb. (N. Y.) 9; State v. Merchants Ins. & Trust Co., 8 Hump. (Tenn.) 235; Barton v. International Fraternal Alliance, 85 Md. 14, 36 Atl. R. 658; State ex rel. Donnell v. Foster, 225 Mo. 171, 125 S. W. R. 184; Villa v. Grand Island Electric Light, Ice & Cold Storage Co., 68 Neb. 232, 63 L. R. A. 791, 110

Am. St. R. 400, 94 N. W. R. 136, 4 Ann. Cas. 59; Robertson v. Bullions, 11 N. Y. 243.

The bill of complaint in this case prays that the Tampa Water Works Company be restrained from further distribution of its assets; that its affairs be wound up and the remaining assets be equitably distributed among the stockholders and that all officers of the corporation who have defrauded or wronged the Company or received undue proportion of its assets be required to account therefor and return the same to the corporation; that a receiver be appointed to take charge of all books, accounts, vouchers, money, property, deeds, papers and assets of every kind and that the officers of the Company be enjoined from interfering with the receiver in the discharge of his duties; that the receiver be empowered to inquire into the matters complained of in the bill and that he may prosecute in the name of the corporation all such actions as may seem expedient to recover for the Corporation its assets which have been dissipated and appropriated by Stuart Wood. There was a prayer for general relief.

The basis for the relief prayed is, briefly stated, that the complainant, Walter Wood and Stuart Wood were in the latter's lifetime copartners and Walter Wood is the surviving partner; that the defendant corporation owned a franchise from the city of Tampa to conduct a system of water works for public and private supply in the city which it continued to operate until 1923 when it sold the plant to the City of Tampa, since which time the business of the Corporation has been in process of liquidation and an office has been maintained in Tampa and that there are now $300,000.00 of undistributed liquid assets in the possession of the corporation; that Walter and Stuart Wood, as copartners, acquired stock in the defendant corporation; the copartnership owned and held as collateral security all

the outstanding stock of six hundred shares; Stuart Wood became president and treasurer of the water works company, which position he held until his death in 1914; the Corporation under Stuart Wood's management was successful; that in 1903 the total amount of stock outstanding was 1135 shares.

From 1893 to 1913 Wood and Company owned a majority of all the outstanding stock of the corporation which from 1897 was practically a branch of Wood and Company and under the direction and control of that copartnership; that Stuart Wood acquired a large part of the corporation's stock and held it in his own name at the time of his death, a portion of which is alleged was paid for with the corporation's money. That in 1914 when Stuart Wood died he held in his own name 2341 shares of stock in the Corporation and there were then 1816 shares in the name of Wood and Company. That since the death of Stuart Wood his legal representatives have assumed to manage and control the Corporation in their own interests "regardless" of Wood and Company.

It is alleged that Stuart Wood in his lifetime while an officer of the Corporation acquired some parcels of land in his own name which were needful to the business of the Corporation and those properties have increased in value; that many of these properties have been sold by the legal representatives of Stuart Wood, amounting in value to several thousands of dollars, which it is alleged Wood held in trust for the Corporation; that other property, certain described lands, while claimed by the legal representatives of Wood is in fact part of the assets of the Corporation.

The bill sums up the complaint as follows: The copartnership of Wood and Company having been defrauded by the deceased member of the firm, Stuart Wood, while the latter served the Tampa Water Works Company as its

president and treasurer, and is continuing to be injured by the activities of the legal representatives of Stuart Wood may, through its surviving partner, stockholder in the corporation, obtain a receiver for it to the end that all its assets may be collected and distributed among its stockholders and its affairs wound up.

It is clear that the main object of the suit is the winding up of the affairs of the corporation, its dissolution and the distribution of its assets through the appointment of a receiver. The receiver sought by the suit to be appointed is not a mere ancillary receiver to preserve the assets of the corporation against the enforcement of some judgment or other lien, but the receiver is sought as a means to an end which is the dissolution of the corporation and distribution of its assets between its stockholders.

There are some phases of the case at bar which differentiate it from that line of cases and the rule which obtains so generally denying the power of a court of equity, in the absence of a statute, to dissolve a corporation and wind up its affairs and sequestrate its property. Those differentiating features are, first, the corporation has disposed of its principal business, the purpose of its organization and object of its franchise have been accomplished; second, its present president and treasurer is a nephew to Stuart Wood and the sole executor of the latter's will and he for the past several years has taken from the corporation a large salary notwithstanding there is no business to be performed of any consequence; third, its president and treasurer when alive committed a fraud upon the minority stockholders, mismanaged the corporation's assets to his own profit at the expense and to the injury of stockholders who, the corporation being solvent, were its sole beneficiaries; fourth, the corporation's assets are being administered by the legal representative of the president and

treasurer who committed such frauds and he is wasting the assets in negligent and extravagant management; fifth, there is no business to be accomplished or transacted within the purview of its charter privileges and nothing remains but to collect its assets and distribute them to the stockholders which the person in charge of its affairs refuses to do.

The power of a court of equity to appoint a receiver for a corporation at the instance of stockholders thereof, where the officers have been guilty of illegal, fraudulent and *ultra vires* acts, is sustained in the case of DePuy v. Transporation and Terminal Co., 82 Md. 408, 33 Atl. R. 889. See also Wallace v. Pierce Wallace Publishing Co., *supra*. To the same affect is Haywood v. Lincoln Lumber Co., 64 Wis. 639, 26 N. W. R. 184. See Davis v. U. S. Electric Power and Light Co., 77 Md. 35, 25 Atl. R. 982; Tenn. Mt. Petroleum & Mining Co. v. Ayers, (Tenn.) 43 So. W. R. 744; Central Land Co. v. Sullivan 152 Ala. 360, 44 So. R. 644, 15 Ann. Cas. 420; Benedict v. Columbus Const. Co., *supra*; Falfurrias Immigration Co. v. Spielhagen, (Tex. Civ. App.) 129 So. W. R. 164; Jones v. Pearl Mining Co., 20 Colo. 417, 38 Pac. R. 700; Thoroughgood v. Georgetown Water Co., 9 Del. Ch. 84, 77 Atl. R. 720; Miner v. Belle Isle Ice Co., 93 Mich. 97, 53 N. W. R. 218, 17 L. R. A. 412.

There are many cases, in fact the doctrine is very well established, that appointment of receivers *pendente lite* does not affect the dissolution of a corporation and the court has power to appoint such a receiver although it would not have the power to appoint one to wind up the affairs of the corporation. See Abbott v. Am. Hard Rubber Co., 33 Barb. (N. Y.) 578; Chandler Mtg. Co. v. Loring, 113 Ill. App. 423. That such relief may be obtained even though there is a prayer that the affairs of the corpora-

tion be wound up and its assets distributed among the stockholders.

The power to appoint a receiver for a corporation at the instance of a stockholder is a discretionary one to be exercised with great circumspection and only in cases where there is fraud, spoilation or imminent danger of the loss of the property if immediate possession is not taken by the court. Davis v. U. S. Electric Power and Light Co., *supra*.

Mr. Pomeroy in his work on Equity Jurisprudence says: "It is well settled, with scarcely a dissenting voice, that in the absence of express statutory authority, a court of equity has no power to dissolve a corporation, or to wind up its affairs and sequestrate its property." "A few exceptions have, however, been admitted to this rule; as, where the corporation had utterly failed of its purpose because of fraudulent mismanagement and misappropriation of the funds by the president and manager who owned a majority of its stock, a receiver was appointed to wind up its affairs at the suit of a minority stockholder." Pomeroy's Eq. Jurisprudence Sec. 119, cited in Exchange Bank v. Bailey, *supra*.

Under the circumstances set forth in the bill of complaint in this case a serious wrong would go unredressed and a fraud of no minor character would escape and be unrebuked. It is well established by the decisions that the officers and directors of a corporation occupy a quasi-fiduciary relation to the corporation and its stockholders. They are required to exercise the utmost good faith and to exercise their powers solely in the interest of the corporation. It is a cardinal principle that an officer will not be permitted to make profit out of his official position, (See 7 R. C. L. p. 456 and authorities cited) and where the corporation is insolvent the officers occupy toward the

creditors of it a fiduciary relation. See Beach v. Williamson, 78 Fla. 611, 83 So. R. 860, 9 A. L. R. 1438.

In this case if the complainant can be afforded no relief, where the corporation has practically discontinued its business, is no longer engaged in the work for which it was chartered but holds large assets which its president in name only is wasting in an unnecessary salary to himself and withholding the assets from those entitled to receive them thus committing a fraud upon those for whom he holds such assets in trust, would be a denial of justice which it is the function of a court of equity to administer.

The order appealed from is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.