**DEAUVILLE CORPORATION, a Delaware corporation, and THE NEW DEAUVILLE, a New Jersey corporation, v. IVY T. BLOUNT, as Trustee, et al.**

25 So. (2nd) 812                     January Term, 1946
April 16, 1946                       Division A
Rehearing denied May 14, 1946.

*Charles Danton* and *Redfearn & Ferrell* for petitioners.

*J. M. Flowers* and *Murrell, Fleming & Flowers,* for respondents.

PER CURIAM:

In May, 1945, Respondent, as trustee, filed his bill of complaint in the circuit court against petitioners, alleging that he held under a written trust agreement, title to eight and one-third (8-1/3) shares of the capital stock of Deauville Corporation for the benefit of William M. F. Magraw. It is also alleged that in August, 1944, the stockholders of said corporation held a meeting, at which the stock held by respondent, in-

cluding the remaining sixteen and two-thirds (16-2/3) shares, was surrendered and cancelled, and new certificates of stock were forthwith issued in the amount of one hundred (100) shares, of which respondent received sixteen and one-third (16-1/3) shares, Princess Lucy Eristavi-Tchitcherine, thirty-two and two-thirds (32-2/3) shares, and B. A. Winkel and J. A. Lasser, twenty-five and one-half (25½) shares each.

The bill also alleges that respondent was not present at said meeting, had no notice of it, and was, therefore, illegally deprived of the ownership of his eight and one-third (8-1/3) shares of stock; that some of said Defendants have continuously managed the affairs of said corporation in total disregard of the rights of respondent. The bill of complaint prays for a receiver, for an accounting, and for other relief. A motion to dismiss the bill was overruled; an order was then entered appointing a receiver who took possession of the petitioners' property. This appeal was prosecuted from the latter order.

There is much in the record and the briefs about the transfer of the case to the Federal Court, but, since that question appears to have been closed, we do not discuss it in this opinion. The only question we are confronted with here is whether or not the appointment of a receiver finds support in the record.

Respondent contends that his appointment as receiver was warranted under Section 691.03, Florida Statutes 1941. The purpose of said statute was to define the power of the trustee of an express trust in the absence of "contrary or limiting provisions in the trust instrument or a subsequent order or decree of a court of competent jurisdiction."

In our view this statute has no application to the case at bar because of the "limiting provisions in the trust instrument." The trust instrument shows on its face that it was intended to be an amended supplemental agreement entered into by Lucy Cotton Magraw and William M. F. Magraw. It provided that trustee vote the stock of the corporations "in the same way and to the same extent as the parties of the first part may vote the capital stock owned by them or either of them." There was also an authorization to "receive and

collect any dividends which may be declared thereon and to pay the same to the party of the second part." The tenure of the trustee was to be so "long as his services are agreeable to the party of the first part."

In our view such limiting provisions constituted a mere dry or passive trust, and the trustee nothing more than agent. Elvins v. Seestedt, 141 Fla. 266, 193 So. 54. We find no support for the contention that the trustee was, to all intents and purposes, the owner of the stock. The minutes of the stockholders' meeting brought in question indicate that all stockholders were present at the stockholders' meeting in August, 1944, and surrendered their stock to the corporation and authorized the issuance of one hundred (100) new shares of stock in place of the twenty-five (25) shares held by the Princess and her husband (Magraw). Fifty-one per cent of the new stock was sold to B. A. Winkel and J. A. Lasser for value.

The purpose of the bill of complaint was to appoint a receiver and liquidate the corporation. No fraud is alleged or shown, the corporation is shown to be a going concern, and the bill is brought by a minority stockholder. When this is the case, there is no basis for the appointment of a receiver. Tampa Waterworks Co. v. Wood, 97 Fla. 493, 121 So. 789; Lews Journal Corporation v. Gore, 147 Fla. 217, 2 So. (2) 741.

The petition for certiorari is granted, and the judgment appointing the receiver is quashed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.