TERRELL, Justice.
May 23, 1955, respondent C. E. Harvey, Jr., filed complaint against petitioners in the Circuit Court of Dade County, in which he prayed for an accounting, specific performance including an injunction and receiver without notice. The complaint shows that respondent owns one-sixth of the corporate stock of that certain restaurant, Emalf, Inc., a Florida corporation, engaged in business as “The Flame.” The petition alleges that respondent was aggrieved by petitioners, the owners of five-sixths of the capital stock of said corporation, in that they had mismanaged the restaurant by (1) retaining and paying, petitioner Eleanor Duncan for managerial services,- though she was incapable and inexperienced, and (2) permitting -incompetence, drinking, stealing and gambling upon the premises by employees; that because of such practices the corporation had suffered losses, goodwill and profits and had placed its liquor licenses in jeopardy.
On consideration of the petition, the trial court, without notice to petitioners or “The Flame,” and without requiring an indemnity bond of the respondent, entered an order enjoining petitioners from interfering with the operation of.the restaurant and appointed a receiver for its assets, the said corporation not having been joined as party defendant to the cause. A motion to dismiss the complaint for want of an indispensable party defendant, and a motion to dissolve the injunction and discharge the receiver after evidence was taken were denied. The latter order provided in substance that Emalf, Inc., be made party defendant to the cause, that unless the parties desired to plead further or take testimony, a final decree be entered on the merits; that defendants answer forthwith and being done, the' receiver satisfy himself of the bona fides of the stock ownership and sell the same at private or public sale on court order. ;
We are confronted with petition for certiorari to- review (1) the order dated May 23, 1955, appointing a receiver to *372 operate “The Flame,” said .order having been entered .upon -the sworn complaint and without notice; (2) that part of the. order dated May 27, 1955, declining to dismiss the receiver ordering “Emalf, Inc.,” to be made party defendant, ordering the 'corporate stock to be sold at private or public sale, allowing defendants to answer, if the parties desir.e to plead further and ordering ■the receiver to desist paying salary of $150 per week to Eleanor. Duncan . as daytime manager of the business. On refusal of the lower, court to -do so, this court granted supersedeas pending prosecution of certio-rari. ■.
-' Several, questions are urged for determination, but all' challenge the validity of that part of the decree below áppointing, and thereafter refusing, to discharge the receiver, granting injunction- without bond and ordering ■ the corporate ' stock sold, amounting to dissolution of the corporation.
We -have examined the record, carefully and find no basis for appointment of the receiver with directions to' sell the corporate stock; thereby' effecting dissolution of the corporation.' At the outset, there does not appear to be sufficient prayer for-that purpose "and if there were, the facts do not warrant the relief. The respondent owns only on'e-siicth of the -corporate stock;.-the petitioners-- own five-sixths;- ■ there is.no showing whatever of fraud; double-dealing or loss of corporáté ’assets.-- It further appears from the- record that the corporation Wa's solvent and a going concern.
In McAllister Hotel, Inc., v. Schatzberg, Fla., 1949, 40 So.2d 201, this court.held that the power to. appoint a receiver for a corporation should be exercised only.where exigencies demand it and no other protection to. applicants -, can be devised by the court., We further held that a receiver pendente lite will not be appointed unless defendants, or-at least _ the primary offending defendants, are shown to be insolvent. Other points discussed in the last cited cáse make it clear that when applied to the facts in the case at bar, there was insufficient showing for appointment of the receiver, ordering sale of the assets and dissolution of the corporation. See also Deauville Corp. v. Blount, 1946, 157 Fla. 322, 25 So.2d 812, where "receiver was appointed and the order appointing him was quashed for reasons very similar to those shown in this case.
It follows that certiorari is granted and the judgment appointing the receiver, ordering sale of the stock and assets of the corporation is quashed on authority of the last cited cases.
It is so ordered.
' DREW, C. J., and ROBERTS and SE-BRING,' JJ., concur.'