PER CURIAM.
This is an interlocutory appeal from an order appointing a receiver pendente lite to marshall assets of the Conlee Construction Company and operate and manage said company.
Plaintiffs, Sylvan B. Krause and J. Leon Kahn brought this action as minority stockholders of Conlee Construction Company against the company and its directors requesting, inter alia, that the chancellor appoint a receiver during the pendency of the case to take charge and manage the affairs of the company.
In their complaint the plaintiffs allege that the defendant, Harold Oster, president of the company, has converted company funds to his own use and refused to account to the plaintiffs as to the disposition of said funds. Further, the plaintiffs believe that unless the defendants are restrained by the court, pending the outcome of these proceedings, the defendants will make commitments for the company and obligate it to its detriment. Finally, the plaintiffs allege that the defendants are not handling or attempting to handle the affairs of the company to the best interest of all its stockholders.
The defendants contend that the lower court erred in appointing a corporate receiver pendente lite where there is no allegation of insolvency and where the court heard no testimony nor received any evidence concerning the allegations of mismanagement in plaintiffs’ unsworn complaint.
The power to appoint a corporate receiver at the instance of a stockholder is a discretionary one. However, in McAllister Hotel v. Schatzberg, Fla.1949, 40 So.2d 201, the Supreme Court held that the power to appoint a corporate receiver should be exercised only where exigencies demand it and no other protection to applicant can be devised by the court The court also stated on page 203[1]:
“The Chancellor should be exceedingly cautious where, as here, there, is no suggestion of insolvency of any of the defendants. The general rule is that a Corporate Receiver pendente lite will not ordinarily he appointed unless the defendants, or at least the primary offending defendant or defendants, be shown to be insolvent. However, there are some exceptions. One of them which is well recognized is that a Receiver may be appointed to wind up the affairs of a corporation or manage and operate its business when actual fraud, or mismanagement amounting to fraud upon the rights of a minority stockholder or creditor which may reasonably portend imminent danger of loss of corporate assets *332 and seriously threaten corporate existence, is clearly established.”
On the basis of the record before us which includes no more than allegations in an unsworn complaint and argument of counsel we conclude that the chancellor abused his discretion by appointing a corporate receiver pendente lite. Further proceedings should be held to determine whether plaintiffs can sufficiently establish fraud or mismanagement amounting to fraud upon their rights which may reasonably portend imminent danger of loss. The chancellor should also determine whether the appointment of a receiver can be avoided by devising other protection to the plaintiffs.
Accordingly, the order appointing a receiver pendente lite is reversed and the cause is remanded for further proceedings.
Reversed and remanded.

. See also: Jones v. Harvey, Fla.1955, 82 So.2d 371; Papazian v. Kulhanjian, Fla.1955, 78 So.2d 85; Deauville Corporation v. Blount, 157 Fla. 322, 25 So.2d 812 (1946); Tampa Waterworks Co. v. Wood, 97 Fla. 493, 121 So. 789 (1929).