320 So.2d 28 (1975)
Miguel RECAREY, Jr., and Associated Doctors Hospital, Inc., a Florida Corporation, Appellants,
v.
Luke RADER and Alma Rader, His Wife, et al., Appellees.
Nos. 75-1465, 75-1494.
District Court of Appeal of Florida, Third District.
October 14, 1975.
*29 Sibley, Giblin, Levenson & Ward, Male & Bloom, William T. Kruglak, II, Miami, for appellants.
Adams, George, Wood, Lee & Schulte, and David L. Willing, Miami, Charles H. Snowden, Hialeah, Pallot, Stern, Proby & Adkins, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Appellants, defendants below, bring this appeal from an order of the trial court, as amended, appointing a special receiver for appellant, Associated Doctors Hospital, Inc.
Appellees filed in the trial court their amended petition for a writ of mandamus and other relief against appellants and other defendants not parties to the appeal. Appellees alleged that appellant Miguel Recarey, Jr., had abused his position as secretary-treasurer of appellant Associated Doctors Hospital, Inc., a Florida corporation, for his own enrichment and was guilty of mismanagement to the detriment of the interests of the Hospital and its stockholders. Both appellees are minority stockholders in the Hospital. It was further alleged that appellants voted at a stockholders' meeting to sell the Hospital under such terms and conditions that would eliminate all of appellees' equity as stockholders. Appellees demanded a writ of mandamus requiring that appellants produce the books and records of the corporation for inspection and copying, that an injunction without notice be entered restraining appellants from selling the Hospital, that an accounting be made, and that the court appoint a receiver to take charge of the assets and operations of the Hospital.
Subsequently, appellees filed a motion for the appointment of a receiver to take control of all of the books and records of the Hospital, to conserve its assets, and to continue the management of the operation of the Hospital. Appellees alleged that a genuine emergency existed regarding the continued profitable operation and management of the Hospital, and that the appointment of a receiver was necessary in order to prevent its financial collapse.
On August 22, 1975, a hearing was held on this motion and on the same day the trial court issued an order, amended by a subsequent order dated September 10, 1975, pursuant to a petition for instructions, which appointed a receiver for the Hospital and instructed him to take immediate and complete control of its books and records, to take possession of certain stock certificates owned by appellant Recarey and appellees, and granted the receiver the absolute authority in supervising the operation of the Hospital. From this order, as amended, appellants appeal.
Appellants contend that the trial court abused its discretion in appointing a receiver without a sufficient predicate in the pleadings, that the trial court abused its discretion in appointing a receiver when the pleadings and testimony did not reveal an emergency situation or a necessity for the appointment, and that the trial court erred in appointing a receiver at the initiation of appellees without requiring them to post an indemnification bond.
Appellees contend that the trial court properly exercised its discretion in appointing a special receiver for the Hospital, because the evidence established mismanagement and the impending insolvency of the Hospital, and the wrongful concealment of its records from appellees as stockholders.
The appointment of a receiver is not a matter of right, but is one resting in the sound discretion of the court, to be exercised *30 or withheld, according to the circumstances and facts of each particular case. Nevertheless, basic limitations on the court's equity jurisdiction and conditions are observed and the power of a court to appoint a receiver of a corporation or its property should be exercised with great caution to the end of preserving the property of the corporation and the rights and interests of its stockholders and others. Courts should not interfere by such appointment unless absolutely necessary to do complete justice. In various cases our courts have pointed out the reluctance with which such drastic relief is granted, and the broad rule emerges that a receiver should not be appointed unless, after a careful examination of all the facts in the case, the exigencies of the case demand it and no other protection to the applicants can be devised by the court. In other words, the appointment of receiver for a going corporation is a last-resort remedy, and should not be employed when another adequate remedy is available. Papazian v. Kulhanjian, Fla. 1955, 78 So.2d 85; McAllister Hotel v. Schatzberg, Fla. 1949, 40 So.2d 201; Deauville Corporation v. Blount, 1946, 157 Fla. 322, 25 So.2d 812; Tampa Waterworks Co. v. Wood, 1929, 97 Fla. 493, 121 So. 789; Conlee Construction Company v. Krause, Fla.App. 1966, 192 So.2d 330; 65 Am.Jur.2d, Receivers, § 59; and 27 Fla.Jur., Receivers §§ 7-8.
In light of the rules set forth above and after a careful reading of the record, all points in the briefs and arguments of counsel, it is our opinion that the trial court could have granted appropriate and effective relief to appellees without the necessity of appointing a receiver for the Hospital.
Therefore, for the reasons stated and the authorities cited, the order, as amended, of the trial court appealed is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.