TAMPA AND JACKSONVILLE RAILWAY COMPANY, A COR-
    PORATION, *Appellant*, v. ROBERT D. HARRISON, AS
    TRUSTEE FOR CREDITORS OF WILLIAM H. JONES,
    *Appellee.*

1. When after demurrer overruled, a bill has been amended to
   meet certain defects therein pointed out, and without testing
   the amended bill by demurrer the defendant answers, his de-
   murrer as to the defects so sought to be amended is not open
   on appeal.

2. Laborer's liens are assignable and may be adjudicated in
   equity.

3. Upon an appeal from an interlocutory order, the court will
   not consider whether the prayers of the bill are too broad, pro-
   vided only it prays for something that is proper and consequent·

4. That a bill is signed by a member of the bar as "Solicitor" and not "Counsel" is not ground for demurrer.

5. When defendant is in default for failure to answer an amended bill under Rule 59, an order appointing a master to take testimony, is not shown to be harmful to him.

6. A motion for a bill of particulars is a common law procedure unknown to equity practice and may be ignored by the court.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton,* for appellant;

*H. L. Anderson* and *H. M. Hampton,* for appellee.

COCKRELL, J.—On March 28, 1907, the appellee as complainant filed his bill in Marion county against the Tampa and Jacksonville Railway Company. In substance the allegations of the bill are that in August, 1906, William H. Jones, a railroad contractor, entered into a contract in writing, which is made a part of the bill and thereby the railway company became liable to him in and about the construction of its line of railroad, and that Jones, by virtue of the contract, performed labor in the construction of the railroad in Marion county upon which a balance of $7,500 is due, that said work was done on the line of railroad between the towns of Fairfield and York in Marion county, and was finished February 10, 1907; that by the performance of the work, Jones holds and claims a lien upon the located line of said railroad beginning at Tampa and ending at Jacksonville,

and upon all its property, including said located line of road, rolling stock, superstructures, real and personal property of every kind and nature belonging to the said Tampa and Jacksonville Railway Company to secure the balance so due, together with $300 interest, and the sum of $750 as attorneys' fees; it is further alleged that since the completion of said work the railway company has acquired by merger and consolidation the Gainesville and Gulf Railroad, whereby the properties of said merged company became subject to his lien; that on March 20, 1907, Jones assigned this lien to the complainant for the benefit of all existing creditors of him, the said Jones. The bill prays that a lien be decreed in his favor upon all the property of the Jacksonville and Tampa Railway Company, including the property and effects of the Gainesville and Gulf Railway Company, for an accounting, and for a sale of all the property real, personal and mixed, of every kind and nature, including the located line of the said railway between the city of Tampa and the city of Jacksonville, within the state of Florida. There is no prayer for general relief and in the prayer for process the oath to the answer is waived.

The contract filed as an exhibit to the answer consists of two written instruments, purporting to be signed by Jones and by "C. N. Atkinson, general manager Tampa and Jacksonville Railway Company," which refer in specific terms to work to be done between points not in Marion county.

A demurrer to the bill was overruled and the defendant answered. By leave of court, the bill was twice amended, once before and once after the answer was filed. Upon the second amendment the defendant asked for a bill of particulars and requested that should that be denied, it be given fifteen or twenty days to answer. The court denied the motion for bill of particulars, and refusing leave to answer, ordered the cause referred to

a special master to report the law and the facts. From these two orders this appeal is taken and both are assigned for error.

The first assignment, upon the order overruling the demurrer, is argued as though the bill of complaint remained as it was before the several amendments. This however, cannot be the correct view point. The original bill, especially in so far as its allegations are affected by the subsequent amendments, no longer exists and it would be futile to consider what our decision might be, had there been no change; there can be no demurrer to a bill that does not exist, and to the bill as amended the defendant did not avail itself of its absolute right to interpose a demurrer, even though its former demurrer had been overruled. Bowes v. Hoeg, 15 Fla. 403. We shall not therefore consider those grounds of demurrer that are affected by the amendments.

We are not so clear as to the present status of the remaining grounds. There may be a distinction between the filing of amendments to the original bill and the filing of an amended bill. Counsel do not throw any light upon this doubt and we do not propose now to decide whether it may not be necessary to enable an appellate court to review the overruling of a bill that is subsequently amended, that a demurrer thereto be subsequently filed and the ruling of the court thereon be had.

It is manifest in the instant case that there is nothing of special moment in the grounds of the demurrer as to which the amendments are wholly silent.

We have heretofore decided that these liens are assignable, Clarkson v. Louderback, 36 Fla. 660, 19 South. Rep. 887, and by that decision we stand. We have also decided that the power to adjudicate these liens may be conferred upon courts of equity.

It is objected that the bill seeks too much; that it prays a lien not only upon the property of the Tampa and

Jacksonville Railway Company, which it owned at the time the work was done, but also upon an after acquired independent railroad. The bill, it is true, alleges facts upon which the complainant might have predicated a prayer for a lien upon and a sale of the Gainesville and Gulf Railroad properties, but it may be doubted if the prayer logically construed goes that far; however we have never understood that a bill as a whole is subject to demurrer because it prays for something in addition to what its allegations entitle the pleader, provided only there is a prayer for what is proper and consequent thereon. The case is not before us on final decree and more need not be said on this point.

The fact that the bill is signed by a member of the bar as "solicitor" instead of the word "counsel" used in the rule does not subject it to demurrer whatever weight so refined and technical a distinction might have if properly raised.

The answer was filed on the August rules. By leave of court the complainant filed an amendment to the bill on the September rules. Several days thereafter the defendant filed a motion for a "bill of particulars" and on the October rule day the complainant filed a general replication. On October 12th, the following order was made and entered. This cause came on to be heard on motion of defendant for a bill of particulars, and in a letter from the defendant's solicitor for further time to plead to the amendment to the bill, which amendment was filed on rule day in September, 1907, and on motion for the appointment of a master to take the proof, and the court having considered the same, and on an inspection of the record finds that the defendants answered the original bill on the rule day in August, and the amendment to the bill does not introduce any new matter affecting a bill of particulars, and no reason shown why it is necessary to have a bill of particulars, and having plead

thereto; and treating the letter as a motion for an extension of time to plead to the amendment to the bill, there is no reason shown why it is necessary for such an extension, or what is sought to be set forth. It is considered and ordered that the motion for a bill of particulars is refused. The motion for an extension of time to plead is refused. It is further considered and ordered that R. McConathy, a practicing attorney of this court, be, and he is appointed a master in chancery to take the proofs and to report the testimony with his findings of law and fact, according to the rules and practice of this court."

It is possible that in entering this order the parties overlooked rule 59, as to supplemental answer upon amendment to bill. The rule reads: "In every case where an amendment shall be made after answer filed, the defendant shall put in a new or supplemental answer on or before the next succeeding rule day after that on which the amendment or amended bill is filed, unless the time therefor is enlarged or otherwise ordered by the judge or court, and upon his default the like proceedings may be had as in cases of an omission to put in an answer."

The complainant was entitled to take his bill as confessed on the October rule day in the absence of any ruling by the court and we cannot now see how the defendant at this stage can be injured by the opportunity offered by the court to contest the proof of the bill or to prove its answer. Having failed to answer within the time allowed by the quoted rule, the defendant was in laches and no sufficient showing was made to overcome the default. Instead of pleading anew or apply to the court to enlarge the time, there is filed a paper wholly unknown to equity practice, though authorized by the statute as to declarations at law. General Statutes of 1906, § 1449-2.

This disposes of all the points now presented to us that we may consider upon this appeal, and the orders appealed from are affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.