WILLIAM B. PHIFER, IN HIS OWN RIGHT AND AS EXECUTOR, *Appellant,* v. LUCY B. ABBOTT, *Appellee.*

Opinion Filed June 17, 1914.

1. Upon the death of the mortgagee, his or her executor or administrator is the proper party complainant to enforce the mortgage lien upon real estate.

2. In a suit to enforce a mortgage lien upon real estate, an allegation that the complainant is the sole heir of the deceased mortgagee, and that upon the death of the mortgagee the complainant as sole heir of the mortgagee "went into possession of all the property left by her mother" is not sufficient to show a right of the complainant to maintain the suit.

Appeal from Circuit Court for Alachua County; James T. Wills, Judge.

Order reversed.

*Hampton & Hampton,* for Appellant.

*E. N. Calhoun* and *D. R. Dunham,* for Appellee.

WHITFIELD, J.—In proceedings brought by Lucy B. Abbott to enforce a mortgage lien upon real estate given by Martha P. Perry to Margaret S. Abbott, it is alleged "that on July 21, A. D. 1890, the said Margaret S. Abbott died, leaving as her sole heir Lucy B. Abbott, your oratrix herein, who immediately went into possession of all the property left by her mother, said Margaret S. Abbott, deceased." Among the grounds of a demurrer to the bill of complaint was one that "it does not appear that the complainant is entitled to institute suit upon said note and mortgage, or that she is the legal owner thereof." The demurrer was overruled and the defendant Phifer appealed.

Upon the death of the mortgagee, his or her executor or administrator is the proper party complainant to enforce the moregage lien upon real estate. Section 2390 of the General Statutes provides that: "No administration shall be necessary upon any estate where there is a sole heir and the estate is not indebted." Assuming that under this statute a sole heir of a mortgagee merely as such may en-

force the mortgage debt if "the estate is not indebted," there is no allegation here that the estate of the deceased mortgagee "is not indebted," and no allegation that the complainant is the owner of the note and mortgage except as she may be such owner because she is the "sole heir" of the mortgagee. The allegation that upon the death of the mortgagee the complainant, her sole heir, "went into possession of all the property left by her mother," the mortgagee, is not sufficient to show a right to maintain this suit.

The order overruling the demurrer is reversed.

SHACKLEFORD, C. J., AND COCKRELL, J., concur.

TAYLOR, J., takes no part.  HOCKER, J., absent.