W. B. PHIFER, *Appellant*, v. LUCY B. ABBOTT, AS ADMINISTRATRIX WITH WILL ANNEXED, *Appellee*.

Opinion Filed February 16, 1915.

An amendment stating that a complaint sues technically in a representative capacity and not individually in the same cause of action does not make a new suit or cause of action particularly when the complainant is the sole party in interest and the suit is brought for her sole benefit.

Appeal from Circuit Court for Alachua County; J. T. Wills, Judge.

Order affirmed.

*Hampton & Hampton*, for Appellant;

*E. N. Calhoun* and *David R. Dunham,* for Appellee.

WHITFIELD, J.—Lucy B. Abbott in her own right as the sole heir of Margaret S. Abbott, brought proceedings against W. B. Phifer and others to enforce a mortgage lien upon land executed to Margaret S. Abbott by Martha P. Perry in her life time. An order overruling a demurrer to the bill of complaint was reversed here because the right of the complainant to maintain the suit did not appear, the allegation as to the complainant's right to sue being that she was sole heir of her mother Martha S. Abbott "who immediately went into possession of all the property left by her mother." Phifer v. Abbott, 68 Fla. 10, 65, South. Rep. 869.

Subsequently the trial court granted leave to file an amended bill in the cause upon the payment of costs, and the defendant Phifer appealed.

It is contended that the amended bill of complaint should not have been filed because it makes a new suit setting up matters that occurred after the filing of the original bill and after the Supreme Court had reversed an order overruling a demurrer to the original bill of complaint.

In the amended bill Lucy B. Abbott as administratrix *cum testamento annexo* of the estate of Margaret E. L. Abbott deceased, is complainant, and the bill alleges that Margaret E. L. Abbott and Margaret S. Abbott were one and the same person; that Margaret E. L. Abbott died leaving a will wherein Lucy B. Abbott "was named and is the sole heir, legatee of said Margaret E. L. Abbott;" "that the said Lucy B. Abbott immediately upon the death of said Margaret E. L. Abbott went into the possession

of all the property left by her mother, the said Margaret
E. L. Abbott, deceased, and became the owner of the note
and mortgage described in this bill;" "that at the time of
the death of the said Margaret E. L. Abbott" her estate
"was not indebted and that said estate has not since and
is not now indebted;" that John Starke was named ex-
ecutor of the will, but never qualified and is now de-
ceased; "that no other person or persons have managed
or controlled any of the estate of said Margaret E. L.
Abbott except your oratrix Lucy B. Abbott, the sole heir
and legatee named therein; that recently, to-wit on the
1st day of July, A. D. 1914, the will of the said Margaret
E. L. Abbott was duly proven and probated and your
oratrix, upon proper application was appointed adminis-
tratrix cum testamento annexo to administer upon the
estate and effects of the said Margaret E. L. Abbott."
An amendment of the bill was in order after the former
appeal, since the court held the demurrer well taken.

It clearly appears that Lucy B. Abbott, the complain-
ant in the original bill is the sole heir of the mortgagee,
that she is the holder and owner of the evidences of in-
debtedness in question; that there is no indebtedness
against her mother's estate, and that she has duly quali-
fied to administer on the estate that belongs entirely to
her.  She is the same person who instituted the original
suit and the only change in her asserted capacity to sue
is that she has qualified as the legal representative of an
estate that is wholly her own.  Such amendment as this
does not make a new suit; and the form of the amended
bill is such that it may if necessary to justice in the cause,
be treated as a supplemental bill.  An amendment stat-
ing that a complainant sues technically in a representa-
tive capacity and not individually in the same cause of

action does not make a new suit or cause of action particularly when the complainant is the sole party in interest and the suit is brought for her sole benefit. See Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. Rep. 135.

The order is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.