WILLIAM B. PHIFER, *Appellant*, v. LUCY B. ABBOTT, AS ADMINISTRATIX, ETC., *Appellee.*

Opinion Filed February 20, 1917.

1. All points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for adjudication.

2. A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided.

3. When a mortgagor has conveyed all her right, title and interest to and in the mortgaged property, such mortgagor is not a necessary party defendant in a suit for the enforcement of a lien created by the mortgage, unless a personal decree is sought for any deficiency which might be found to exist after the sale of the mortgaged property. This principle likewise applies to the legal representatives of the mortgagor, when such suit is instituted after her death, and where no recovery or relief against the mortgagor's estate is sought that portion of paragraph 2 of section 1715 of the General Statutes of 1906, which provides that "After ten years from the death of any person, his estate shall not be liable for any of his debts unless letters testamentary or of administration shall have been taken out within said ten years," is not applicable.

4. A payment to the mortgagee or her legal representatives by a purchaser from the mortgagor is a binding admission that the mortgaged land is subject to the mortgage and operates to

suspend the running of the statute of limitations of a suit for the enforcement of the mortgage lien.

5. Upon an appeal from an interlocutory order, the court will not consider whether the prayers of the bill are too broad, provided only it prays for something that is proper and consequent.

6. If an equity appears from the allegations of the bill of complaint, defects, if any, in the prayer do not render the bill insufficient for the appropriate relief or open to attack by demurrer.

7. Though the allegations of a bill of complaint be abstract and general and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed can be made by appropriate and sufficient evidence, a general demurrer to the bill of complaint should be overruled.

8. In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in a bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief.

Appeal from Circuit Court for Alachua County; Jas. T. Wills, Judge.

·TAYLOR, J., took no part herein.

Order affirmed.

## Statement.

This is a suit in equity brought by Lucy B. Abbott as administratrix *cum testamento annexo* of the estate of Margaret E. L. Abbott, deceased, against William B. Phifer, individually, and William B. Phifer as executor of the last will and testament of Sallie J. Perry, deceased, and others for the enforcement of a mortgage lien upon

certain described real estate.   The bill of complaint was amended several times, by leave of court, so that finally the bill reads as follows:

"Your oratrix, Lucy B. Abbott, as Adminstratrix *cum testamento annexo* of the estate of Margaret E. L. Abbott, deceased, of the County of St. Johns and State of Florida, complainant herein, brings this her Amended Bill of Complaint against William B. Phifer, individually and William B. Phifer as executor of the last will and testament of Sallie J. Perry, deceased, of Alachua County, Florida, A. B. Zetrouer of Alachua County, Florida, J. R. Zetrouer of Alachua County, Florida, E. G. Brown of Alachua County, Florida, J. W. Crosby of Marion County, Florida; Kelly McDonald Lumber Company, a corporation under the laws of the State of Florida; J. D. Pope of Marion County, Florida, and James Holder of Citrus County, Florida, partners doing business under the firm name and style as J. D. Pope and Company; and Arthur Williams of Marion County, Florida, and L. J. Knight of Marion County, Florida, partners doing business under the firm name and style as Williams and Knight, defendants.

"And thereupon your oratrix complains and says, that on the fourth day of August, A. D. 1883, Martha P. Perry was justly indebted to Margaret S. Abbott in the sum of Thirty Five Hundred Dollars ($3500) lawful money of the United States of America, and there and then in the County of Alachua, State of Florida, made and delivered unto the said Margaret S. Abbott her promissory note, in writing, bearing date the fourth day of August, A. D. 1883, whereby the said Martha P. Perry, three years after date, for value received, promised to pay to Margaret S. Abbott or order Three Thousand Five Hundred Dollars with interest from date at the

rate of ten (10) per cent per annum until paid, interest payable annually, as will more fully appear by the said note ready to be produced in court and by the copy of the same herewith filed and marked Exhibit 'A' and made a part of this your oratrix's bill of complaint. And that the said Martha P. Perry to secure the principal sum and interest mentioned in said note did, at the same time, execute under her hand and seal and deliver unto Margaret S. Abbott a mortgage deed upon and to the lands hereinafter described, which said lands the said Martha P. Perry was seized of in fee simple.

"And thereupon your oratrix says that on the said 4th day of August, A. D. 1883, the said Martha P. Perry conveyed to the said Margaret S. Abbott, in fee simple, the following described lands, with its appurtenances, situated in the county of Alachua, State of Florida, and better described as Section Thirty-two in Township Ten (10) South of Range Twenty-one (21) East, containing Five Hundred and Fifty-nine (559) acres of land more or less. That said mortgage deed was made subject, however, to a condition of defeasance as follows: 'Provided always nevertheless, and this instrument is executed and delivered upon this expressed condition, that if I, the said Martha P. Perry, shall do well and truly pay or cause to be paid the full amount of the said promissory note for the sum of Three Thousand Five Hundred Dollars, together with all annual interest thereon to accrue according to the legal tenor and effect of the said promissory note and the principal thereof at the time the same falls due then this instrument to become wholly nulled and void, otherwise to be and remain in full force and virtue.' That said mortgage deed duly executed and acknowledged, was by the said Martha P. Perry delivered unto the said Margaret S. Abbott on the 4th day of

August, A. D. 1883, and on the 4th day of August, A. D. 1915, was filed for record and recorded same day in Mortgage Book 'F' at pages 657-658 in the public records of Alachua County, Florida, by the Clerk of the Circuit Court of Alachua County, State of Florida; as appears by the said deed and its accompanying certificates of acknowledgments and record ready to be produced in court, and by certified copy thereof hereto attached to this Bill of Complaint and marked Exhibit 'B' and made a part of this bill of complaint as fully as if the same had been recited in full and at length in said bill of complaint.

"Your oratrix further represents that on the 5th day of January, A. D. 1886, the said Martha P. Perry did make, execute, sign and seal and deliver unto her daughter Sallie J. Perry a certain quit claim deed unto said Section Thirty-two (32) Township Ten (10) South of Range Twenty-one (21) east and other lands, which said quit claim deed was filed for record January 6th, 1886, and recorded in the Public Record Alachua County, Florida, on January 8th, A. D. 1886, by Clerk of Circuit Court for said Alachua County, Florida. Which said deed was duly and legally executed and acknowledged.

"That the said Martha P. Perry, in the month of April, A. D. 1886, died leaving no will but left her daughter said Sallie J. Perry as her sole heir, who immediately went into possession of all of the lands and personal property left by her mother, said Martha P. Perry, deceased.

"Your oratrix further represents that Margaret S. Abbott, named in the note and mortgage, heretofore described and copies of which are attached to this bill of complaint as Exhibits 'A' and 'B' respectively, was one and the same person as Margaret E. L. Abbott, and that

on July 21st, A. D. 1900, the said Margaret E. L. Abbott died leaving a will wherein and whereby Lucy B. Abbott, your oratrix herein, was named and is the sole heir, legatee of said Margaret E. L. Abbott, as more fully appears by copy of said Will hereto attached marked Exhibit 'C', and that the said Lucy B. Abbott immediately upon the death of said Margaret E. L. Abbott went into the posession of all of the property left by her mother the said Margaret E. L. Abbott deceased, and became the owner of the note and mortgage described in this bill.

"That at the time of the death of the said Margaret E. L. Abbott the estate of said Margaret E. L. Abbott was not indebted and that said estate has not since and is not now indebted.

"Your oratrix further shows and represents that in and by the Will of the said Margaret E. L. Abbott, a copy of which said Will is hereto attached and prayed to be made a part hereof, one John Starke was named as the executor, that said John Starke has never qualified as executor under and by virtue of the Will of said Margaret E. L. Abbott, that the said John Starke is now deceased, and that no other person or persons have managed or controlled any of the estate of said Margaret E. L. Abbott except your oratrix Lucy B. Abbott, the sole heir and legatee named therein; that recently, to-wit,. on the 1st day of July, A. D. 1914, the Will of the said Margaret E. L. Abbott was duly proven and probated and your oratrix, upon proper application was appointed administratrix cum testamento annexo to administer upon the estate and effects of the said Margaret E. L. Abbott.

"That the said Martha P. Perry in her life time paid at different times to Margaret S. Abbott divers sums of money on said note and mortgage. That the following sums of money were paid to Margaret S. Abbott as inter-

est on said note: One hundred seventy-five and no/100 dollars from August 4th, 1883, to February 4th, 1884; Interest was paid until August 4th, 1884; One hundred seventy-five and no/100 Dollars was paid as interest to February 4th, 1885; Three hundred fifty and no/100 dollars was paid as interest to February 4th, 1886; that on January 11th, 1888, Sallie J. Perry paid as interest One hundred and no/100 dollars, and on March 19th, 1888, another One hundred and no/100 dollars, and on May 29th, 1889, Ninety-two and 12/100 dollars as interest; in January, 1890, Sallie J. Perry paid as interest Ninety-seven and 08/100 dollars; on or about January 1st, 1890, Sallie J. Perry gave a note for Five hundred and no/100 dollars being payable on January 1st, 1891, a copy of said note being attached to complainant's Amended Bill of Complaint as complainant's Exhibit 'D'; that said note has never been paid to Margaret S. Abbott (being the same person as Margaret E. L. Abbott) nor to Lucy B. Abbott as her sole heir, or to Lucy B. Abbott as Administratrix of the estate of Margaret E. L. Abbott; that on January 21st, A. D. 1890, Sallie J. Perry paid Two thousand and no/100 dollars to be credited on the principal of the original note and mortgage herein sued on; that on January 26th, A. D. 1891, Sallie J. Perry paid One hundred and no/100 dollars on account of interest on original note and mortgage; in February, 1891, Sallie J. Perry sent Margaret E. L. Abbott check for Two hundred seventy-eight and no/100 dollars which said Margaret E. L. Abbott applied on the principal of Five hundred and no/100 dollars note given by Sallie J. Perry in 1890; that on March 28th, 1892, Sallie J. Perry paid to Margaret S. Abbott the sum of One hundred fifty and no/100 dollars to be applied on interest on original note and mortgage, and also made a one hundred dollar payment of interest

to said Margaret S. Abbott in September, A. D. 1893; that Sallie J. Perry on February 2nd, 1895, paid Lucy B. Abbott for Margaret S. Abbott one hundred and no/100 dollars as interest on said note and mortgage; that Sallie J. Perry paid Fifty and no/100 Dollars October 9th, A. D. 1895, on account of interest on note and mortgage.

"That since the last mentioned payment made by the said Sallie J. Perry on October 9th, 1895, as above stated, the said Sallie J. Perry has made no effort and has not paid to Margaret E. L. Abbott or to said Lucy B. Abbott, as sole heir-at-law of Margaret E. L. Abbott or as administratrix of the estate of said Margaret E. L. Abbott, deceased, or anyone for her, any interest on the balance of the principal of note dated August 4th, 1893, which same is secured by the mortgage herein sought to be foreclosed, or any interest on the balance of the principal of said note of January 1st, 1900, given as payment of interest on the interest due on said original note and mortgage of August 4th, 1883. But the said Sallie J. Perry has from time to time, in writing, by letters and notes, and in person, promised to pay to the said Lucy B. Abbott the said notes and mortgage, and said Sallie J. Perry has admitted by said letters that she owed the balance due on said notes and mortgage, and would sell her property or part thereof and pay the said notes and mortgage, and the said Lucy B. Abbott, relying on her assurances, from time to time, and thinking before said Sallie J. Perry died that she was without funds, but had land sufficient to pay said debt, as represented by the said note and mortgage, permitted her, the said Sallie J. Perry, to continue without payment of interest or the principal sum of said note and mortgage dated August 4th, A. D. 1883 except as hereinabove stated and also of the note for Five hundred and no/100 dollars, except as hereinabove stated.

That said Sallie J. Perry at divers times and up to and until her death on the 22nd day of February, A. D. 1911, admitted by letters in writing that she owed the said Lucy B. Abbott the balance on the notes and mortgage and the unpaid interest thereon, and did frequently say that she recognized that the debt was an honest debt and that she would pay it before she died or leave sufficient funds of hers to pay same upon her death, but she never paid said amount to Lucy B. Abbott, or anyone for her.

"Your oratrix further shows unto your Honor that she, said Sallie J. Perry, has failed to pay said amount of note and mortgage and that Lucy B. Abbott, through her attorney E. N. Calhoun, filed a copy of said note and mortgage with said William B. Phifer as the executor of the last will and tesament of Sallie J. Perry, deceased, and with the County Judge of Alachua County, Florida, and that the said Executor, W. B. Phifer, and W. B. Phifer individually as the sole legatee and heir to said Sallie J. Perry, deceased, refused to pay the said note and mortgage or any part thereof.

"That Sallie J. Perry, on the 22nd day of February, A. D. 1912, died at or near Rochelle, in the County of Alachua, State of Florida, and left a last will and testament, proof of which said last will and testament was duly made on the 24th day of February, A. D. 1912, and recorded in the public records of Alachua County, Florida, by the County Judge of said County on the 27th day of February, A. D. 1912, and in said will said Sallie J. Perry devised and bequeathed unto William B. Phifer, all of her property real, personal or mixed, and in said will nominated said William B. Phifer as the sole executor of said will, and that said William B. Phifer entered into immediate possession of said property.

"That the said Martha P. Perry, Sallie J. Perry and

W. B. Phifer, individually and as executor under the will of Sallie J. Perry, have not paid the said principal sum of Three thousand five hundred and no/100 dollars, except as above set forth and there remains due and owing and unpaid to your oratrix on said principal sum One thousand five hundred and no/100 dollars; the balance of the Five hundred and no/100 dollars noté less the Two hundred seventy-eight and no/100 dollars credited thereon, said balance being Two hundred twenty-two and no/100 dollars and there remains due and unpaid to your oratrix the sum of Two Thousand Nine Hundred and no/100 Dollars as interest on the balance of the principal of the original note. That although said amounts have long since become due, by means whereof the said mortgaged property has become forfeited subject nevertheless to the redemption in equity by the legal representatives of said Martha P. Perry, deceased, said Sallie J. Perry, deceased, and of their heirs and assigns.

"Your oratrix further shows unto your Honor that the said Sallie J. Perry did by warranty deed for the month of November, A. D. 1889, sell and convey to one A. B. Zetrouer the northwest quarter of the northwest quarter of section thirty-two, in township ten (10) south of range twenty-one (21) east, which said land is subject to the mortgage of August 4th, 1883. Said deed to said Zetrouer is of record in the public records of Alachua County, State of Florida, in deed book 50, page 255, filed and recorded 11-7-1899-11-11-1899; and your oratrix says that said Zetrouer has never paid to her or to any one for her any of the interest or principal on said note or mortgage.

"And your oratrix further shows that Sallie J. Perry, deceased, and one J. R. Zetrouer did by a writing recorded in the public records of Alachua County, Florida,

in miscellaneous book 2, at page 15, filed and recorded 12-17-1903, convey timber on section .32-10-31 east to Kelly-McDonald Lumber Company, a corporation under the laws of the State of Florida, which said conveyance was made subsequent to the execution of the mortgage and note of August 4th, A. D. 1883, and is subject to the lien thereof.

"And your oratrix further shows that one E. G. Brown of Alachua county, a defendant herein, made and executed a lease to one J. W. Crosby, of Marion County, Florida, which said lease is recorded in the public records of Alachua County, Florida, and which said lease is incorporated in a warranty deed from E. G. Brown to J. W. Crosby, and is recorded in book 51 page 383 of the Public Records of Alachua County, Florida, filed for record March 1st, 1900, and recorded on March 24th, 1900; the lands attempted.to be sold and leased in said instrument of Section Thirty-two, Township Ten, Range Twenty-one East, which said instrument was made subject to the mortgage and note of August 4th, A. D. 1883, and subject to lien thereof.

"And your oratrix further shows that Sallie J. Perry did by a written turpentine lease recorded in the public records of Alachua County, Florida, in Miscellaneous Book '2,' at page 250, filed and recorded by the Clerk of the Circuit Court of said County 6-20-1905, 7-25-1905, convey by lease section thirty-two (32), township ten (10) south of range twenty-one (21) east, to Arthur Williams of Marion County, Florida, J. D. Pope of Marion County, Florida, and James Holder, of Citrus County, Florida, partners doing business under the firm name and style of J. D. Pope and Co., which said instrument was made subsequent to the execution of the mortgage and

note dated August 4th, 1883, and is subject to the lien thereof.

"And your oratrix further shows that Arthur Williams and J. L. Knight both of Marion County, Florida, partners doing business under the firm name and style as Williams and Knight claim to have interest in the land sought to be foreclosed herein, which said interest is to your oratrix unknown. But your oratrix says that whatever said interest may be that the same has accrued since the execution of the note and mortgage dated August 4th, A. D. 1883, and is subject to the lien thereof.

"Forasmuch, therefore, as your oratrix is without remedy in the premises, save in a court of equity, and to the end that the defendant to this bill may be required to make full and direct answer to same, but not under oath, the answer under oath being hereby specifically waived; and that an account may be taken of what is due your oratrix on the principal and for interest on said note and mortgage, and the costs, charges and expense of this suit. That the defendants William B. Phifer, individually, and William B. Phifer as the executor of the last will and testament of Sallie J. Perry, deceased, and A. B. Zetrouer may be decreed to pay your oratrix the amount due on the principal and interest on said note and mortgage upon the taking of said account, together with the taxes, insurance, costs, charges and expenses of this suit, including reasonable attorney's fees, by a short day to be fixed by this court; that in default of such payment the mortgaged premises may be sold as the court may direct to satisfy such debt and costs and that in case of such sale the said defendants William B. Phifer individually, and William B. Phifer as the executor of the last will and testament of Sallie J. Perry, deceased, and A. B. Zetrouer, J. R. Zetrouer, E. G. Brown, J. W. Crosby, Kelly-McDonald Lum-

ber Company, a corporation under the laws of the State of Florida, J. D. Pope, Arthur Williams and James Holder, co-partners doing business under the firm name as J. D. Pope and Company, and Arthur Williams and L. J. Knight, partners doing business under the firm name and style as Williams & Knight, defendants, and all persons claiming by, through or under them subsequent to the execution of this mortgage sought to be foreclosed, and all other persons, although not parties to this suit, who may have any liens by judgment or decree subsequent to the mortgage held by your oratrix, may be barred and foreclosed of all right or equity of redemption, and claim, of, in and to said mortgaged premises and every part and parcel thereof with the appurtenances; that a Special Master may be appointed to find and take an amount due your oratrix as principal and interest on the note and mortgage aforesaid and the costs, charges and expenses of this suit, including reasonable attorneys' fees, and that your oratrix may have such other and further relief in the premises as the nature of the case may require."

Then follows the prayer for process. We do not copy the exhibits attached to the bill.

To the bill as finally amended, William B. Phifer individually and as executor, interposed the following demurrer:

"This defendant by protestation not confessing any or all of the matters and things of the complainant's Amended Bill of Complaint contained to be true in such manner and form as the same is therein set forth and contained, doth demur to said Bill and for causes of demurrer showeth:

"1. It appears from the Bill that Martha P. Perry conveyed the property embraced in the Mortgage to Sal-

lie J. Perry on the 5th of January, 1886; and that Sallie J. Perry has held the property for more than twenty (20) years since the maturity of the Note and Mortgage sued upon under claim and color of title.

"2. The Note and Mortgage sued upon appearing from the allegations of complainant's Amended Bill to have matured more than twenty (20) years before the filing of the saidAmended Bill in this case, both the Mortgage and Note are barred by the Statute of Limitations.

"3. Because it appears in and by the allegations of complainant's Bill that Martha P. Perry, the mortgagor, has been dead more than ten (10) years before the commencement of this suit and the filing of this Bill, and no proceedings were had or taken herein within ten (10) years after the death of said Martha P. Perry.

"4. Because this is a stale demand, and not enforceable in a Court of Equity.

"5. It does not appear in and by the allegations of complainant's Bill that there was any waiver of the Statute of limitations, either on the part of Martha P. Perry or on the part of Sallie J. Perry, as would revive the right of action against Sallie J. Perry, or the defendant as the legal representative of the estate of Sallie J. Perry, or as the devisee under the Will of Sallie J. Perry.

"6. Complainant does not set forth or allege a new promise in writing, either on the part of Martha P. Perry or Sallie J. Perry, as would revive the cause of action against the estate of Sallie J. Perry, deceased, or the devisee under her Will.

"7. Complainant seeks to recover from this defendant for a promissory note given on January 1st, 1890, that matured January 1st, 1891, which appears upon the face of the Bill to have been given as an independent payment

on the Mortgage sued upon, and there is no provision in the Mortgage for the securing of said Five Hundred ($500.00) Dollars; but under the law the taking of said Note by the mortgagee was a payment and discharge of that amount of money so far as the lien of the Mortgage was concerned.

"*Wherefore,* for divers other good causes of Demurrer appearing in the said Amended Bill of Complaint, the defendant doth demur thereto, and humbly demands the judgment of this court whether he should be compelled to make any other or further answer to said Bill, and prays to be hence dismissed with his costs and charges in this behalf most wrongfully sustained."

This demurrer was, overruled, from which interlocutory order Phifer, both individually and as executor, has entered his appeal.

*Hampton & Hampton* for appellant.

*E. Noble Calhoun* and *David A. Dunham,* for appellee.

SHACKLEFORD. J., (*after stating the facts.*)    This is the third appeal which has come to this court in this case, all of the appeals being from interlocutory orders.   Upon the first appeal, Phifer v. Abbott, 68 Fla. 10, 65 South. Rep. 869, the only points decided were that "Upon the death of the mortgagee, his or her executor or administrator is the proper party complainant to enforce the mortgage lien upon real estate." ·

"In a suit to enforce a mortgage lien upon real estate, an allegation that the complainant is the sole heir of the deceased mortgagee, and that upon the death of the mortgagee the complainant as sole heir of the mortgagee 'went into possession of all the property left by her

mother' is not sufficient to show a right of the complainant to maintain the suit."

Upon the second appeal, Phifer v. Abbott, 69 Fla. 162, 67 South. Rep. 917, the only point decided was that "An amendment stating that a complainant sues technically in a representative capacity and not individually in the same cause of action does not make a new suit or cause of action, particularly when the complainant is the sole party in interest and the suit is brought for her sole benefit." This being true, the principle known as the law of the case will prove of practically no assistance to us. As we held in Florida East Coast Ry. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238, "All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not before the appellate court for adjudication.

"A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided."

The point now presented for determination is as to whether or not the court erred in overruling the demurrer on any of the grounds thereof which was interposed to the bill of complaint as finally amended. We have copied such bill and demurrer in the foregoing statement in order that we might have the same fully before us and thereby enable us to make this opinion the more readily intelligible.

It will be observed that the suit is not brought against the legal representatives of Martha P. Perry, deceased, the mortgagor, and no deficiency decree is sought against her estate. As we held in Hinson v. Gammon, 61 Fla.

641, 54 South. Rep. 374, 26 Ann. Cas. 83, "When mortgagors have conveyed all their rights and interests in the mortgaged property to other parties, such mortgagors are not necessary parties to a suit to foreclose the mortgage." In the opinion we quoted with approval the following excerpt from 2 Jones on Mortgages (6th Ed.) Sec. 1404: "The mortgagor, after he has conveyed the whole of the premises mortgaged is not a necessary party to the suit (foreclosure); nor indeed is he a proper party, unless a personal judgment for any deficiency there may be, after applying the property to the debt, is sought against him." It is distinctly alleged in the bill that Martha P. Perry conveyed the mortgaged lands by quit-claim deed to Sallie J. Perry on the 5th day of January, 1886. As the complainant in this suit is not seeking any recovery or relief against the estate of Martha P. Perry, deceased, paragraph 2 of Section 1715 of the General Statutes of 1906, upon which the appellant relies, has no applicability. Such paragraph reads as follows: "Actions Against Representatives of Decedents. If a person against whom a suit not relating to land may be brought, or judgment exists, die, such suit shall not be brought, nor proceedings taken upon such judgment, against his executor or administrator after two years from the issuance of letters testamentary or of administration. After ten years from the death of any person, his estate shall not be liable for any of his debts unless letters testamentary or of administration shall have been taken out within said ten years."

As the bill alleges that the mortgage deed was executed on the 4th day of August, 1883, which was filed and recorded on the same day in the public records of Alachua County, and the quit-claim deed to Sallie J. Perry was not executed until the 5th day of January, 1886, it follows as a matter of law that Sallie J. Perry

took the lands subject to the lien created thereon by the mortgage. If Sallie J. Perry wished to remove this encumbrance from her title to the lands, it became necessary for her to pay off and discharge this mortgage lien, which she evidently realized, for the bill alleges that she made different payments thereon on divers dates, which are specified, the last of such payments being for the sum of $50.00 on the 9th day of October, 1895. We must now determine whether or not the statute of limitations as prescribed by paragraph 1 of Section 1725 of the General Statutes of 1906, upon which the appellant also relies, applies. This paragraph reads as follows: "Within Twenty Years.—An action upon a judgment or decree of a court of record in the State of Florida, and an action upon any contract, obligation, or liability founded upon an instrument or writing under seal." We have held that this paragraph applies to a mortgage upon lands, which is a written instrument executed under seal. Browne v. Browne, 17 Fla. 607, 35 Amer. Rep. 96, and Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329. It is conceded in the briefs of the respective parties that this statutory period of twenty years from the date of the last payment of $50.00 had not elapsed when this suit was instituted. Did such payment prevent this statute from operating as a bar to this suit? This question must be answered in the affirmative. See 2 Jones on Mortgages (7th Ed.) Section 1198, and the numerous authorities cited in the notes. As is stated in the text, "A payment by a purchaser from the mortgagor is a binding admission that the land is subject to the mortgage and operates to suspend the running of the statute of limitations against a foreclosure of the mortgage." Also see McLane v. Allison, 60 Kans. 441, 56 Pac. Rep. 747.

Neither do we think that the bill shows that the com-

plainant was guilty of such laches as to prevent the successful maintenance of this suit. We are also of the opinion that Sections 1717 and 2517 of the General Statutes of 1906, upon which the appellant also relies, have no applicability. Such sections read as follows:

"1717. Promise to pay debts barred — must be in writing. Every acknowledgment of, or promise to pay a debt barred by the statute of limitations must be in writing and signed by the party to be charged.

"2517 (1905). Promise to pay another's debt, etc. — No action shall be brought whereby to charge any executor or administrator upon any special promise to answer or pay any debt or damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person or to charge any person upon any agreement made upon consideration of marriage, or upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, or for any lease thereof for a period longer than one year, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."

Since the payment of $50.00 on the 9th day of October, 1895, by Sallie J. Perry operated to suspend the running of the statute of limitations, as we have just held, it becomes a matter of no particular moment whether Sallie J. Perry did or did not ever promise in writing to pay the amount of indebtedness secured by the mortgage. It may well be, as is suggested by the appellee

in her brief, that such allegations in the bill simply served to show why the complainant delayed so long to bring the suit.

We shall not discuss the effect of the giving of the promissory note for $500.00, as that point is not properly before us for determination. "Upon an appeal from an interlocutory order, the court will not consider whether the prayers of the bill are too broad, provided only it prays for something that is proper and consequent." Tampa & Jacksonville Ry. Co. v. Harrison, 55 Fla. 810, 46 South. Rep. 592, and Williams v. Black, decided here at the present term. As we said in L'Engle v. Overstreet, 64 Fla. 339, text 361, 60 South. Rep. 120, "If an equity appears from the allegations of the bill of complaint, defects, if any, in the prayer do not render the bill insufficient for appropriate relief." As we also held in Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155, "Though the allegations of a bill of complaint be abstract and general and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed can be made by appropriate and sufficient evidence, a general demurrer to the bill of complaint should be overruled."

We have frequently held: "In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief." Holt v. Hillman-Sutherland Co., 56 Fla. 801, 47 South. Rep. 934.

It necessarily follows that the order appealed from must be affirmed.

BROWNE, C. J. and WHITFIELD and ELLIS, JJ., concur.

TAYLOR, J., disqualified.