MILLS DEVELOPMENT CORPORATION v. SHIPP & HEAD, INC.

171 So. 533.

Division A.

Opinion Filed December 11, 1936.

Rehearing Denied January 12, 1937.

*Shutts & Bowen, Crate D. Bowen* and *Charles A. Carroll,*
for Appellant;

*W. H. Burwell* and *Shipp, Evans & Kline,* for Appellee.

DAVIS, J.—This appeal is to review two interlocutory
orders denying a motion to dismiss a bill of complaint and
refusing to vacate or discharge a notice of *lis pendens* filed
in connection with same.

The plaintiff's bill, summarized in its perspicuous signif-
icance, alleges that plaintiffs, as broker, entered into nego-
tiations with the individual defendants for the purchase of
260 vacant lots of a subdivision with the object in view of
forming a corporation to be made up of themselves as stock-
holders, to acquire, improve and resell the lots at a profit
to the promoters; that in the formation of the corporation
the plaintiffs were to be issued 49% of the stock to repre-
sent their service interest in the joint adventure of acquir-
ing, improving and selling the lands involved, whereas de-
fendants were to own 51% of the stock as representative
of their capital interest in the undertaking; that the corpo-

ration as agreed was ultimately formed, the lands acquired, and the venture embarked upon, but that notwithstanding the contractual engagement entered into between the promoters in the first instance, to the effect that the plaintiffs were to be employed by the resultant corporation to assist in the development of the subdivision and were to hold 49% of the corporate stock, that defendants Frederick Mills, Herbert Mills, Hayden Mills and Ralph Mills (designated hereafter as Mills Brothers) after so forming the intended corporation under the laws of Florida and designating it as Mills Development Corporation (named in the suit as co-defendant with said Mills Brothers) in which they had issued to themselves 51% of the stock, thereupon proceeded to deny to plaintiffs their 49% interest in the stock of the corporation and had, on the contrary, so assumed control over, mismanaged and fraudulently conducted the affairs of the corporation over which they became the dominant directorate, as to deprive plaintiffs of their beneficial equitable interest in the joint business venture intended to be consummated by the corporation pursuant to the contract of the parties, and that thereby plaintiffs were being deprived of their equitable rights in the carrying out of the initial enterprise of acquiring, developing and reselling at a profit the lots in controversy, the title to which had become vested in the defendant corporation only as a means toward the end of carrying out the original plan agreed upon in advance of the corporation's formation, and of which the formation of the corporation itself was a mere step toward the ultimate and comprehended in the initial engagement between plaintiffs and the individual defendants.

According to the allegations of the bill the corporation now holds lands and assets which were acquired by it solely

as the result of a preliminary joint adventure entered upon by those who agreed to create such a corporation simply as part of the larger scheme—the scheme itself being intended to be merged into, and thereafter carried out under, the corporation form, and by its instrumentality.

Equity may regard that as done which ought to have been done in cases of this kind. The same equitable rights and remedies may therefore be held available to plaintiffs below under the circumstances pleaded, as if they had actually been heretofore issued the 49% stock agreed upon as part of the plan by which the corporation was brought into existence—no intervening rights of innocent third parties appearing to be put in jeopardy by such application of the above stated equitable maxim. And after ascertaining the real ownership of 49% of the stock of the corporation to be equitably vested in the plaintiffs under the circumstances, the equity court may, in order to do complete relief and as an incident to the settlement of the general equities, decree that the defendant corporation, which holds and enjoys the title to lands derived by it as a result of plaintiffs' part in the initial general enterprise, shall evidence plaintiffs' stock ownership by specifically carrying out that part of the general plan which contemplated that the stock itself should be actually issued to plaintiffs as stockholders when and after the corporation was formed and the lands so acquired by it for plaintiffs' benefit to the extent of the agreed stock issue. See note 29 L. R. A. (N. S.) 592; Andres v. Morgan, 62 Ohio St. 236, 56 N. E. Rep. 875, 78 A. S. R. 712.

Where the property of a corporation is being mismanaged, or is in danger of being lost to the stockholders or judgment creditors through mismanagement, collusion or fraud of its officers, a court of equity has inherent power

to entertain a complaint for the redress of such wrong; to require the corporation's officers to make an accounting and accord to minority stockholders their legal rights and interests in the corporate affairs, and in the corporate property; and to appoint a receiver, if necessary, for the property and affairs of such corporation upon the proper complaint of a minority stockholders asking for such relief and demonstrating an equity entitled to be recognized and given effect. Exchange Bank of Wekoka v. Bailey, 29 Okla. 246, 116 Pac. Rep. 812, 39 L. R. A .(N. S.) 1032.

But the winding up of the corporation, or liquidation and distribution of its assets, is not warranted in such a suit in equity unless the corporation has practically discontinued all of its business, or is no longer capable of being made to carry out the corporate functions for which it was chartered, notwithstanding there is a prayer for such relief in the bill. See: Tampa Water-works Co. v. Wood, 97 Fla. 483, 121 Sou. Rep. 789; Tampa Waterworks Co. v. Wood, 104 Fla. 306, 139 Sou. Rep. 800.

The bill of complaint attacked in this case contains some equity within the rule of law above stated, so the motion to dismiss the bill for want of equity as an entirety was properly denied, and the order to that effect should be affirmed. Phifer v. Abbott, 73 Fla. 402, 74 Sou. Rep. 488; Tampa & J. R. Co. v. Harrison, 55 Fla. 810, 46 Sou. Rep. 592.

The notice of *lis pendens* was an appropriate incident to the bill in view of the relief sought which affects the properties and transactions of a Florida corporation whose affairs are subject to judicial supervision pursuant to Florida laws, when the corporation is appropriately impleaded in an equity suit relating to its transactions and exercise of its corporate powers under its Florida charter.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.