67 So.2d 692 (1953)
FREEDMAN et al.
v.
FOX et al.
Supreme Court of Florida. Division B.
October 30, 1953.
Patton & Kanner, Miami Beach, for petitioners.
Joseph A. Berman, Miami Beach, for respondents.
THOMAS, Justice.
We are asked to quash the order of the chancellor denying the motion of the petitioners to dismiss the respondents' bill of complaint.
In substance it was alleged that the respondents, the Foxes, owned half of the stock of F.G.F. Corporation and the petitioners, the Freedmans, owned half. A leasehold on a hotel owned by the Freedmans was obtained by the corporation through intermediate assignments. No rental is now in default and outstanding debts of the corporation incurred in the operation of the hotel amount to little.
It was charged that the corporation could not function because no majority vote of the board of directors could be secured due to the strained relations between the respondents on the one part and the petitioners on the other which, according to the allegations, was the outgrowth of the petitioners' failure to cooperate with the respondents. There follow in the bill certain illustrations of petitioners' shortcomings in furthering the welfare of the corporation such as refusal to repair the television set, causing by their manner and actions guests to leave, creating animosity among guests *693 by playing cards, failing to provide Christmas parties, delegating by Freedman, to his wife and son, his share of the work at the desk.
Such trivia indicating little more than disharmony between the two couples were offered to support prayers for the appointment of a receiver, establishment of the leasehold as a trust, dissolution of the corporation, sale of the leasehold to the highest bidder, accounting, and declaration of a lien on the property to secure the respondents' interest when adjudicated.
We find no such averments in the bill as to justify the relief even if every word of them were proved. The liquidation of a corporation and the distribution of its assets cannot be accomplished unless the corporation has "practically discontinued all of its business, or is no longer capable of being made to carry out the corporate functions for which it was chartered * * *." Mills Development Corp. v. Shipp & Head, Inc., 126 Fla. 490, 171 So. 533, 534. This decision was cited with approval in News-Journal Corporation v. Gore, 147 Fla. 217, 2 So.2d 741, where we held, in substance, that the drastic action of dissolving a corporation will not be justified unless its affairs have reached the sorry state where the purposes for which it was organized are no longer possible of attainment. See also Finn Bondholders, Inc., v. Dukes, 157 Fla. 642, 26 So.2d 802.
And we find no such elements here as would place this controversy in the category of Tampa Water Works Co. v. Wood, 97 Fla. 493, 121 So. 789, and Wofford v. Wofford, 129 Fla. 445, 176 So. 499, for reasons that are obvious when a comparison of the facts in each is made with the facts now before us.
The animosity between the Foxes and the Freedmans is probably unpleasant but it is not of such serious proportions or degree that it results in a failure of the corporation to function.
There is no occasion, either, for holding that, after all, the corporation is only a partnership. From the bill itself it is plain that the corporation is in fact a corporation, operating fully as such, and that it is a going concern. Certainly at this late date the respondents cannot be successful in their contention that, after all, the arrangement is a partnership and therefore that a remedy is available to them as partners. The corporation was chartered by the State, contracted and incurred debts as a corporation and in all respects operated in that capacity. Apparently it is only when dissension arises that the respondents become dissatisfied with their position as stockholders.
We can only conclude that the amended bill is devoid of merit.
The certiorari is granted and the order denying the motion to dismiss is quashed with directions to dismiss the cause.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.