363 So.2d 574 (1978)
Alberto BARTLETT et Ux., et al., Appellants,
v.
George E. CAINES et Ux., Appellees.
No. 77-1326.
District Court of Appeal of Florida, Third District.
October 10, 1978.
Rehearing Denied November 9, 1978.
*575 Morgan, Lewis & Bockius and Paul J. Levine, Miami, for appellants.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellees.
Before HAVERFIELD, C.J., and BARKDULL and HUBBART, JJ.
HUBBART, Judge.
By this appeal, we are asked to review a final judgment of partition of certain real estate and personalty owned by a corporation as its main asset entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. We reverse.
The basis for ordering the partition was that "a deadlock and stalemate condition exists, dissen[s]ions, and continuous disagreements prevent shareholders from functioning as a corporation and little or no hope exists for change in this relationship." Although such is a lawful ground for partitioning corporate assets at the request of a dissatisfied stockholder see Kay v. Key West Development Co., 72 So.2d 786 (Fla. 1954); Wofford v. Wofford, 129 Fla. 445, 176 So. 499 (1937), our review of the record reveals no evidence to support such ground. The corporation herein is in no way involved in a voting deadlock or stalemate among its shareholders and, although losing money and experiencing some shareholder dissension, it is still an ongoing, solvent, viable corporation. As such, the trial court had no authority to order the partition of the corporate real estate and personalty herein at the behest of a dissatisfied minority shareholder. Hanes v. Watkins, 63 So.2d 625 (Fla. 1953); Freedman v. Fox, 67 So.2d 692 (Fla. 1953); Finn Bondholders, Inc. v. Dukes, 157 Fla. 642, 26 So.2d 802 (1946); News-Journal Corp. v. Gore, 147 Fla. 217, 2 So.2d 741 (1941); Mills Development Corp. v. Shipp & Head, Inc., 126 Fla. 490, 171 So. 533 (1936); Hebert v. Royal Enterprises of Pensacola, Inc., 259 So.2d 750 (Fla. 1st DCA 1972); Keck v. Schumacher, 198 So.2d 39 (Fla. 2d DCA 1967).
The final judgment under review is hereby reversed. The cause is remanded to the trial court with directions to enter a judgment for the defendants herein.
Reversed and remanded.