SUAREZ, J.
Emily Lefebvre, Frederick L. Lefebvre, Jr., and Lynda Weiser, siblings, are each one-third owners of Cleveland Process Corporation (CPC). Frederick and Emily manage CPC pursuant to a trust set up by their deceased father who founded CPC. Weiser filed a complaint for temporary and permanent injunction, alleging that the Lefebvres’ ongoing mismanagement was causing CPC’s loss of business and profits and loss of employee morale resulting in damage to CPC. Attached to the complaint were affidavits of three longtime employees of CPC who attested to accounting irregularities, financial improprieties, sales tax irregularities, nepotism, the fact that Emily’s alcoholism interfered with her ability to perform her corporate duties, and to Frederick’s willful neglect of corporate duties and the problematic results. The appellants responded with allegations that Weiser failed to follow through on matters related to winding down a separate family trust and selling off related properties, matters unrelated to the issue of CPC’s management. At a lengthy evidentiary hearing, the trial court heard testimony from witnesses for both parties and concluded that, under the circumstances, a temporary injunction was warranted in order to avoid irreparable harm to CPC. We affirm.
The record shows that the trial court did not abuse its discretion in granting the temporary injunction. The trial court’s order recited each of the elements necessary for a temporary injunction to exist: irreparable harm (loss of key employees, who will resign if the company is not protected from the Lefebvres’ mismanagement, and sales tax irregularities, both of which could destroy CPC); clear legal right to the relief sought (breach of fiduciary trust, corporate waste, right to an accounting, tax violations); no adequate remedy at law (viability of CPC is at risk, loss of client goodwill); and that the public interest will not be disserved. See Fountainview Assoc. v. Bell, 214 So.2d 609 (Fla.1968) (holding that public policy requires that in the management of corporate affairs a corporate officer serve first the corporate interests and not his own).
Ordinarily, the proper forum for corporate relief in cases of deviations by officers from their corporate duty is equity. Flight Equip. & Engineering Corp. v. Shelton, 103 So.2d 615 (Fla.1958); Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674 (1932); see also Mills Dev. Co. v. Shipp & Head, 126 Fla. 490, 171 So. 533, 534 (1937) (“Where the property of a corporation is being mismanaged, or is in danger of being lost to the stockholders or judgment creditors through mismanagement, collusion, or fraud of its officers, a court of equity has inherent power to entertain a complaint for the redress of such wrong....”). The temporary injunction and its legal conclusions are provisional — • the issues will be sorted out at length in the legal causes of action to follow; the temporary injunction acts to immediately prevent the siblings from actively or negligently allowing the company and its resources to be totally dissipated while the subsequent legal action is being litigated. The temporary injunction effectively removes the defendants from their management duties at the company, and neither Weiser nor the Lefebvres will draw salary until the underlying causes of action are resolved. The order further provides that the day-to-day operations are now placed in the apparently competent hands of the remaining employees.
*407 As the appellants have not shown any clear abuse of discretion in this record, we affirm.